■ In the Matter of RICHARD ENGLE, as Executor of CAROLE B. ENGLE, Deceased, Respondent, v. COUNTY OF WESTCHESTER et al., Appellants.— In a renewed proceeding pursuant to subdivision 5 of section 50-e of the General Municipal Law and subdivision 2 of section 469 of the Public Authorities Law for leave to serve a late notice of claim upon the County of Westchester and the East Hudson Parkway Authority, said County and Authority appeal from three orders of the Supreme Court, Westchester County, (1) the first, dated April 14, 1971, granting the application, by default as to the Authority; (2) the second, dated June 1, 1971, denying the Authority's motion (in which the County joined) to rehear and reargue the proceeding; and (3) the third, dated August 16, 1971, denying the Authority's further motion to open its above-mentioned default and to vacate said order of April 14, 1971 (in which the County joined). Appeal by the Authority from the order of April 14, 1971 and appeal by the county from the order of August 16, 1971 dismissed. Order of August 16, 1971 affirmed insofar as it denied the Authority's motion to open its default and vacate the first order. Order of June 1, 1971 and, on the appeal by the county, order of April 14, 1971 modified, on the law and the facts and in the exercise of discretion, so as (1) to deny petitioner's application insofar as it was directed against the County of Westchester and to grant it only as against the East Hudson Parkway Authority and (2) to strike from said orders all decretal provisions inconsistent with the modification herein. As so modified, the order of June 1, 1971 is affirmed and the order of April 14, 1971 is affirmed as to the County of Westchester. One bill of $10 costs and

disbursements is awarded to petitioner against the Authority, to cover all the appeals. No costs are awarded as between petitioner and the county. The Authority lacked standing to appeal from the order of April 14, 1971, because it had defaulted on the motion culminating in that order (CPLR 5511); hence, its appeal from that order must be dismissed. With respect to the county's appeal from the order of August 16, 1971, the county lacked standing to appeal therefrom insofar as this order denied the motion to open the Authority's default; and, insofar as this order denied the Authority's motion, joined in by the county, for vacatur of the order of April 14, 1971, the county's appeal is academic in view of the modification herein of the orders of April 14, 1971 and June 1, 1971 so as to deny petitioner's application insofar as it was directed against the county; hence, the county's appeal from the order of August 16, 1971 should be dismissed. With respect to the order of April 14, 1971, we believe that petitioner has failed to make a sufficient showing that the failure timely to serve his notice of claim resulted from any physical or mental incapacity on his part; it therefore was an improvident exercise of discretion to grant him leave to serve a late notice of claim and his petition should have been denied insofar as it was directed at the county, which had opposed petitioner's application. However, petitioner's application was properly granted as against the Authority because it had defaulted and had not opposed the application. We further note that we have not considered the additional contention by the County and the Authority that the Special Term lacked discretionary power to grant leave to serve the late notice of claim, as that contention does not appear to have been urged at the Special Term and is here made for the first time (see 10 Carmody-Wait 2d, New York Practice, §§ 70:300, 70:414). With respect to the order of June 1, 1971, the Authority lacked standing to make its motion for rehearing or reargument of petitioner's application, as it had defaulted on that application and could not seek such relief unless and until its default would be opened; hence, the Special Term properly denied that motion by the Authority. With respect to the order of August 16, 1971, the Authority's excuse for its default on the petitioner's application was so patently insufficient that the denial of its motion to open the default was clearly a proper exercise of discretion. Moreover, that determination accords with the equities and the interests of justice in this case, since it preserves for the surviving husband and infant children of a decedent the opportunity to litigate on the merits their claim that the death of their wife and mother resulted from the Authority's negligence, while a contrary determination would have deprived them of that opportunity. Hopkins, Acting P. J., Gulotta, Christ, Brennan and Benjamin, JJ., concur.