■ TERESA SANTOIEMMO, Respondent, v SYRACUSE PAPER AND TWINE COMPANY, INC., Appellant.—Order and judgment unanimously affirmed, with costs. Memorandum: Plaintiff, a stockholder and former employee of defendant, commenced an action seeking performance of a contract whereby defendant agreed to purchase her stock interest for $31,290. Defendant counterclaimed for damages in the amount of $1,000,000, alleging unfair business competition. It claimed in substance that after leaving its employ plaintiff went to work for a competing company and utilized her knowledge of defendant's business operation and customers to the advantage of the competing concern. Special Term granted summary judgment in favor of plaintiff and defendant appeals. There is no absolute prohibition against granting summary judgment to a plaintiff where counterclaims in excess of the judgment have been interposed (4 Weinstein-Korn-Miller, NY Civ Prac, par 3212.09). Once the merit of plaintiff's cause of action has been established as a matter of law, if its substance is so unrelated to the counterclaims that a severance will not prejudice trial of the remaining issues, summary judgment may be granted *(Seneca Trucking Co., v D. H. Overmeyer Co.,* 36 AD2d 894; *Dalminter, Inc. v Dalmine, S. p. A.,* 29 AD2d 852, affd 23 NY2d 653; *Pease & Elliman v 926 Park Ave. Corp.,* 23 AD2d 361, affd 17 NY2d 890; 4 Weinstein-Korn-Miller, NY Civ Prac, par 3212.09). Plaintiff's cause of action is for breach of contract. Defendant's counterclaim alleges commission of a business tort. There is no common question of fact or law, and defendant's attempt to link the two through the doctrine of implied contractual covenant of good faith is unavailing. Furthermore, there is no indication in the record that this argument was raised before Special Term *(Telaro v Telaro,* 25 NY2d 433; *Matter of Engle v County of Westchester,* 38 AD2d 601). Although in a proper case, where there is a showing of financial instability on the part of the plaintiff, entry of summary judgment may be stayed for the protection of a counterclaiming defendant (see *Omega Equities Corp. v Levy,* 34 AD2d 938, affd 27 NY2d 820; *Pease & Elliman v 926 Park Ave. Corp., supra; Sverdlove v Merrill Lynch, Pierce, Fenner & Smith,* 58 Misc 2d 287), there is no evidence in this record to justify such action. (Appeal from order and judgment of Onondaga Supreme Court in action on stock purchase agreement.) Present—Marsh, P. J., Moule, Mahoney, Dillon and Goldman, JJ.