ANGELO ROSE, Respondent, v GENESEE MONROE RACING ASSOCIATION, INC., Appellant.—Order unanimously reversed, with costs, and motion denied. Memorandum: Plaintiff is a former comptroller and mutual man-

ager of defendant corporation. His employment terminated on or about February, 1974. On April 19, 1974 he commenced an action against defendant and several individuals seeking severance pay and the transfer of certain insurance policies. On April 29, 1974 an agreement was reached in settlement of that action. The agreement provided that in exchange for a general release, defendant would turn over certain insurance policies to plaintiff and would further pay plaintiff the sum of $28,600 on or before April 25, 1975. Defendant did turn over the insurance policies as agreed but failed to pay plaintiff the $28,600 by April 25, 1975. On May 14, 1975 plaintiff commenced an action to recover the amount due under the settlement agreement by motion for summary judgment pursuant to CPLR 3213. In his supporting affidavit plaintiff alleged that the settlement agreement constituted an instrument for the payment of money only and that payment was demanded but refused. In opposition, defendant submitted an affidavit alleging that, subsequent to the execution of the settlement agreement but prior to the date upon which payment was to have been made, an audit of its books by the Internal Revenue Service disclosed that over the course of several years plaintiff had converted $200,731 in company funds to his own use. It further alleged that the settlement agreement was entered into upon plaintiff's representation "that he had been a loyal employee for many years and at all times worked and protected the money and the assets of the corporation," and that had defendant known these representations to have been untrue it would not have agreed to pay plaintiff the sum of $28,600. As a consequence of the alleged conversion, a counterclaim in the amount of $200,731 was asserted. Special Term granted summary judgment in plaintiff's favor. In so doing it held that the allegations of wrongdoing set forth as a counterclaim by defendant did not arise out of the same transaction as did plaintiff's cause of action on the agreement and·that, therefore, the counterclaim was insufficient to defeat plaintiff's summary judgment motion. We agree with Special Term that, asserted in the form of a counterclaim, the allegations of wrongdoing by the plaintiff which defendant sets forth in its answering affidavit are not sufficiently related to the substance of plaintiff's claim to defeat plaintiff's motion for summary judgment (see *Santoiemmo v Syracuse Paper & Twine Co.,* 52 AD2d 721). However, the portion of defendant's affidavit which alleges that its signature on the settlement agreement at issue was procured through its reliance upon misstatements of fact made by the plaintiff is an assertion in the nature of an affirmative defense and, as such, is directly related to the substance of plaintiff's cause of action to recover on the instrument. This allegation raises factual questions which require a hearing *(Crompton-Richmond Co. v Peterson,* 40 AD2d 646; *Bernstein v Grossman,* 37 AD2d 845; and *Nasti Sand Co. v Almar Landscaping Corp.,* 34 AD2d 554). (Appeal from order of Monroe Supreme Court—summary judgment.) Present—Marsh, P. J., Moule, Simons, Goldman and Witmer, JJ.