■ LAWRENCE M. SMITH, Appellant, v ELLENVILLE NATIONAL BANK, Respondent.—Appeal (1) from an order of the Supreme Court at Special Term, entered August 23, 1973 in Sullivan County, which denied plaintiff's motion for a preliminary injunction restraining the defendant from disposing of certain collateral security and granted defendant's cross motion for summary judgment upon its counterclaim for various promissory notes, including interest and attorneys' fees, and (2) from the judgment entered thereon. The underlying declaratory judgment action seeks a determination declaring certain guarantee agreements void on the ground that defendant violated oral agreements between the parties. Defendant counterclaimed for moneys allegedly due under the guarantee agreements and for moneys due on promissory notes indorsed by plaintiff. Plaintiff also sought a temporary injunction restraining defendant from disposing of certain collateral. The injunctive relief was denied and is now moot since the judgment has been paid and the collateral returned. Special Term granted summary judgment on defendant's counterclaim. This appeal ensued. The record reveals that on January 11, 1968 plaintiff executed the first of two written guarantees wherein it was provided that plaintiff guaranteed payment of any indebtedness of R & L Distributors, Inc. (R & L), to defendant, together with costs, expenses and reasonable attorneys' fees in enforcing the agreements. The agreements further provided for a waiver on the part of plaintiff of all diligence in collecting and notice of default or nonpayment, together with express authority to defendant to release any security or surrender any documents. In addition the record discloses that between February 27, 1968 and November 15, 1971 defendant loaned various sums of money to R & L and plaintiff deposited certain collateral with defendant. Thereafter, the debtor defaulted and on June 22, 1972 plaintiff informed defendant that no

further credit should be extended to R & L. On September 21 and 22, 1972 plaintiff indorsed to the defendant the two promissory notes in question which provided for attorneys' fees of 15%. On this appeal plaintiff primarily contends that summary judgment on defendant's counterclaim should have been denied since there are factual issues as to the fraudulent misrepresentations in the circumstances surrounding the execution of the various instruments. We disagree. Initially, we note that all loans which defendant claims are subject to the guarantee agreements were made prior to plaintiff's purported revocation and that liability on the notes is distinct and unrelated to the guarantee agreements as it is based on the indorsements by plaintiff. A careful reading of plaintiff's affidavit fails to demonstrate any factual allegations of fraud on the part of defendant. The mere conclusory language that defendant's conduct constituted bad faith, gross negligence and inequitable behavior is not sufficient to deny summary judgment to defendant (4 Weinstein-Korn-Miller, NY Civ Prac, par 3212.12, p 32-173). Furthermore, we reject plaintiff's contention that certain acts and omissions of defendant violated the original understanding and agreements between the parties. Such alleged understanding and agreements were oral in nature and varied the terms of the written guarantee agreements. They may not be used by plaintiff, however, to avoid liability since he has made no clear showing of fraudulent misrepresentation on the part of defendant nor of circumstances inconsistent with a bona fide transaction (see *State Bank of Albany v McDonnell,* 40 AD2d 905). We also reject plaintiff's contention that a hearing was required to determine the reasonableness of the attorneys' fees. This issue was not raised or argued before Special Term and the notes specifically provided for a 15% fee. Considering the record in its entirety, there is ample evidence to sustain Special Term's conclusion that the fees were reasonable. The order and judgment should be affirmed. Order and judgment affirmed, with costs. Sweeney, J. P., Kane, Mahoney and Main, JJ., concur; Larkin, J., concurs in the following memorandum in which Mahoney, J., concurs. Larkin, J. (concurring). I concur with the majority opinion in all respects except the determination in regard to the attorneys' fees. Since that issue was not raised or argued by respondent at Special Term, I concur in affirming Special Term's conclusion that the fees were reasonable. Had the issue been raised, a hearing on that aspect should have been ordered *(Equitable Lbr. Corp. v IPA Land Dev. Corp.,* 38 NY2d 516; *Long Is. Trust Co. v Jones,* 56 AD2d 838; *Community Nat. Bank & Trust Co. of N. Y. v Intercoastal Trading Corp.,* 55 AD2d 525; *Tuttle v Juanis,* 54 AD2d 589; cf. *Matter of First Nat. Bank of East Islip v Brower,* 42 NY2d 471; *Mead v First Trust & Deposit Co.,* 60 AD2d 71).