■ DIVERSIFIED INDUSTRIES, INC., Appellant, v CASA DEL TESORO CORPORATION et al., Respondents.—Order, Supreme Court, New York County, entered December 24, 1979, denying plaintiff-appellant's motion for summary judgment in lieu of complaint against defendant-respondent Casa Del Tesoro Corporation (Casa), unanimously modified, on the law, to grant partial summary judgment for the unpaid balance of $56,827.67 with interest at 7½% from October 1, 1973, and to remand for all purposes as to the additional 3½% interest claimed, and otherwise affirmed, without costs. Order, Supreme Court, New York County, entered April 22, 1980, denying plaintiff's motion for summary judgment against defendant Schwab, unanimously modified, on the law, to grant partial summary judgment for the unpaid balance of $56,827.67 with interest at 7½% from October 1, 1973, and to remand for all purposes as to the additional 3½% interest claimed, and otherwise affirmed, without costs. Casa executed a promissory note for $240,000 to the Wrecking Corporation of America, in connection with the purchase of certain of its assets. The note was payable over 24 months commencing November 1, 1971, with the last payment due October 1, 1973, at 7½% interest from maturity. Upon default, at the option of the holder, the unpaid balance would become due and payable without future notice or demand. The note was signed by defendant Schwab, both as president of Casa and individually. On November 1, 1971, Wrecking merged into plaintiff, which became the owner of all of its assets, including this note. Casa made a number of payments between November, 1971 and December, 1978, aggregating over $180,000, and leaving a balance in unpaid principal of $56,827.67. Plaintiff moved for summary judgment in lieu of complaint (CPLR 3213), first as against Casa and then against Schwab. Special Term denied plaintiff's motion against Casa on the grounds of the existence of both material issues of fact and a counterclaim not separable from the main claim. Later, plaintiff's motion against the individual defendant was similarly denied by a second court, which held Schwab to have been accommodating Casa, so defenses available to Casa were also available to Schwab and therefore that court felt bound by the earlier determination. There are no arguable material issues of fact. The note is clear upon its face and simply required the payment of $240,000 with interest from maturity at 7½% per annum, to be paid in 24 equal consecutive monthly installments, with the first installment due and payable November 1, 1971 and the last due and payable October 1, 1973 and with a conceded principal balance of $56,827.67. Defendants' counterclaim against Western Diversified Metals Corporation, a subsidiary of plaintiff, is unrelated to plaintiff's claim asserted pursuant to CPLR 3213 and is not a bar to summary relief. Western Diversified, though a related company, is a separate entity and is not a party to this action. The counterclaim arose from a totally different and independent transaction which occurred more than two years after the November 1, 1971 agreement and note on which summary judgment was requested. Such a counterclaim on a separate transaction, not susceptible itself to summary treatment, cannot defeat a CPLR 3213 motion (*Logan v Williamson & Co.*, 64 AD2d 466, 469-470). The dispute concerning the claimed additional 3½% interest on the note effective December 1, 1973,

is clearly separable from the motion and should not be permitted to defeat summary judgment, but should be remanded for further proceedings. Concur—Kupferman, J. P., Birns, Ross, Bloom and Caro, JJ.