■ George K. Parry, Appellant, v J. Michael Goodson, Respondent. — Order, Supreme Court, New York County (Gomez, J.), entered January 25, 1982, denying plaintiff's motion for summary judgment in lieu of a complaint pursuant to CPLR 3213, unanimously reversed, on the law, with costs and disbursements, the motion granted and the matter remanded for an assessment of attorney's fees. On May 15, 1981 defendant, in payment of his purchase of plaintiff's stock in a brokerage firm, executed to plaintiff's order a $25,000 promissory note payable in four installments. Defendant defaulted on the first installment and plaintiff thereafter moved for judgment for the face amount of the note, with interest, and attorney's fees as provided therein, pursuant to CPLR 3213. A settlement for the sum of $26,000 was agreed upon and, after making an initial payment of $7,500 thereunder, defendant defaulted. When plaintiff's motion was renewed defendant opposed, alleging that he had a meritorious defense and counterclaim in that plaintiff had misappropriated both his and the brokerage firm's customer lists. Defendant further alleges that plaintiff is using these lists maliciously in an attempt to damage defendant's business. Special Term denied the motion, finding an issue of fact as to whether defendant has a defense or counterclaim. Summary judgment should have been granted. Even if we were to accept as fact defendant's claim that had he known of the customer lists' misappropriation he would not have executed the note, the defense would fail since defendant makes no showing that plaintiff made any representation concerning customer lists which representation induced defendant to execute the note. (See *Smith v Ellenville Nat. Bank*, 60 AD2d 931; *Rose v Genesee Monroe Racing Assn.*, 52 AD2d 1091.) He fails even to suggest that the customer lists were a part of the note transaction.

As for the purported counterclaim, even assuming that defendant's allegations make out a case of tortious use of the business lists (but see *Reidman Agency v Musnicki,* 79 AD2d 1094), such cause of action is separate and unrelated to the action on the note. "[N]ot susceptible itself to summary treatment, [it] cannot defeat a CPLR 3213 motion". (*Diversified Inds. v Casa del Tesoro Corp.,* 79 AD2d 534, citing *Logan v Williamson & Co.,* 64 AD2d 466, 469-470.) Since plaintiff seeks counsel fees necessarily incurred in the collection of this note in accordance with a provision for the payment of "reasonable attorney's fees", a remand is in order for an assessment of such fees. Concur — Sandler, J. P., Sullivan, Markewich, Fein and Milonas, JJ.