■ MURRAY J. S. KIRSHTEIN, Respondent, v ANTHONY BALIO, Appellant. [605 NYS2d 165] —Casey, J. Appeals (transferred to this Court by an order of the Appellate Division, Fourth Department) (1) from an order of the Supreme Court (Tenney,

J.), entered September 18, 1992 in Herkimer County, which granted plaintiff's cross motion for summary judgment, (2) from the judgment entered thereon, and (3) from an order of said court, entered October 16, 1992 in Herkimer County, which denied defendant's motion to join a party defendant.

Plaintiff's interest in Anthony Selwyn Warehousing, Inc. (hereinafter the Corporation) terminated when it was purchased by defendant and the Corporation. Part of the purchase price payable to plaintiff was evidenced by a promissory note issued by defendant and the Corporation as co-makers. In this action, plaintiff sued only the individual defendant for $8,565.78, the balance due on the note, with interest. In his answer, defendant acknowledges that he is a co-maker of the note and that the balance claimed by plaintiff is correct as to amount, but asserts an affirmative defense based upon a debt allegedly owed by plaintiff to the Corporation. Defendant moved for an order pursuant to CPLR 1001 to join the Corporation as a party defendant, contending that as a co-maker of the note it is a necessary party if the entire dispute among the parties is to be resolved. Supreme Court denied defendant's motion and granted the cross motion of plaintiff for summary judgment for the amount demanded. Defendant has appealed. We affirm.

As a co-maker of the note sued upon, the liability of defendant is joint and several, and, therefore, he can be separately sued (see, Meadow Brook Natl. Bank v Dunning, 208 NYS2d 321, 322). Not every defense available to one co-maker of a note is available to the other co-maker, and this is particularly so where the defensive matter consists of an independent cause of action (Adamson v Adamson, 251 App Div 187, 190). When the amounts of the counterclaims are unliquidated and independent of the promissory note sought to be enforced and not themselves susceptible to summary disposition, such claims afford no defense to the action sufficient to preclude the immediate entry of judgment thereon (see, Stigwood Org. v Devon Co., 44 NY2d 922). New York courts have consistently held that such counterclaims cannot defeat or offset a motion for summary judgment, even where the counterclaims are not expressly barred by the terms of the instrument (see, Maglich v Saxe, Bacon & Bolan, 97 AD2d 19, 23; Parry v Goodson, 89 AD2d 543, 544). Defendant's affirmative defense, based upon the charges allegedly incurred by plaintiff and owed to the Corporation for garaging plaintiff's vehicle, is separate and unrelated to plaintiff's

action on the note and is not susceptible to summary disposition. It cannot, therefore, defeat plaintiff's cross motion for summary judgment on the note *(see, Logan v Williamson & Co.,* 64 AD2d 466, 469-470, *appeal dismissed* 46 NY2d 996; *see also, Maglich v Saxe, Bacon & Bolan, supra,* at 23). Plaintiff demonstrated his entitlement to judgment against defendant as a matter of law by the note and proof of its nonpayment *(see, Zuckerman v City of New York,* 49 NY2d 557). In response, defendant failed to raise any factual issue which would preclude the granting of plaintiff's cross motion. Accordingly, the orders and judgment should be affirmed.

Weiss, P. J., Yesawich Jr., Crew III and White, JJ., concur. Ordered that the orders and judgment are affirmed, with costs.