17-1507-cv
*Arrowhead Capital Fin., Ltd. v. Seven Arts Entm't, Inc., et al.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of June two thousand eighteen.

PRESENT:   RICHARD C. WESLEY,
                    DENNY CHIN,
                              *Circuit Judges*,
                    DENISE COTE,
                              *District Judge.*[*]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

ARROWHEAD CAPITAL FINANCE, LTD.,
                    *Plaintiff-Appellee*,

                    v.                                                                 17-1507-cv

SEVEN ARTS ENTERTAINMENT, INC. and SEVEN
ARTS FILMED ENTERTAINMENT LOUISIANA LLC,
                    *Defendants-Appellants*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

---

[*]       Denise Cote, United States District Judge for the Southern District of New York, sitting by designation.

FOR PLAINTIFF-APPELLEE:        BARRY L. GOLDIN, ESQ., Allentown,
                              Pennsylvania.

FOR DEFENDANTS-APPELLANTS:     RAYMOND J. MARKOVICH, ESQ., West
                              Hollywood, California.

Appeal from the United States District Court for the Southern District of New York (Failla, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendants-appellants Seven Arts Entertainment, Inc. ("SAE") and Seven Arts Filmed Entertainment Louisiana LLC ("SAFELA") appeal from a judgment entered June 5, 2018, in favor of plaintiff-appellee Arrowhead Capital Finance, Ltd. ("Arrowhead"). On May 30, 2018, we remanded the case to the district court pursuant to *United States v. Jacobson*, 15 F.3d 19, 22 (2d Cir. 1994), for further proceedings because of the absence of an appealable judgment. On remand, the district court entered a revised judgment. At Arrowhead's request, we reinstated the appeal.

The instant judgment follows a May 3, 2017 judgment and a September 16, 2016 opinion and order granting in part and denying in part Arrowhead's motion for summary judgment, denying defendants' cross-motion for summary judgment, and imposing sanctions on defendants and their counsel, as well as a May 2, 2017 opinion and order denying Arrowhead's motion to strike SAE's answer and for the entry of a default judgment, granting Arrowhead's motion to strike SAFELA's answer and for the

entry of a default judgment, and denying without prejudice Arrowhead's motion for turnover, attachment, and restraint. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

Defendants are film companies managed by Peter Hoffman. Over the last several years, Hoffman has established or managed a number of enterprises utilizing the words "Seven Arts" in their names. The first of these was Seven Arts Pictures, Inc. ("SAP"). Later, Hoffman established or controlled Seven Arts Pictures PLC ("PLC"), Seven Arts Filmed Entertainment Limited ("SAFE"), Seven Arts Pictures Louisiana LLC ("SAPLA"), and SAFELA. Hoffman oversaw many transactions among these enterprises, including several asset transfers and the redomicile of PLC through the transfer of all assets from United Kingdom-based PLC to SAE, a Nevada-based corporation. As a result, PLC and SAFE were left without any assets and insolvency proceedings were initiated against them in the United Kingdom.

In December 2006, Hoffman entered into a loan agreement on behalf of SAP, PLC, and SAFE with Arrowhead Consulting Group, LLC, for the sum of one million dollars. The Seven Arts entities defaulted on this note and remain in default. The note was later assigned to Arrowhead. After successful state court litigation, Arrowhead obtained a final order and judgment holding SAP and SAFE jointly and severally liable to Arrowhead for approximately $2.5 million. Arrowhead's claim against PLC was to proceed separately. The judgment was upheld on appeal. *See*

3

*Arrowhead Capital Fin., Ltd. v. Seven Arts Pictures PLC,* 972 N.Y.S.2d 899 (1st Dep't 2013). Arrowhead, however, was unable to enforce the judgment because SAP had sold all its assets to SAFE, which in turn sold them to SAE.

Subsequently, Arrowhead brought a second suit -- the instant case -- against SAE and SAFELA as successors in liability to SAP and SAFE. As the case progressed through discovery, issues arose. The district court became increasingly concerned with defendants' lack of cooperation in discovery. Defendants continued to block Arrowhead's attempts at discovery and failed to comply with the district court's discovery plan. The parties filed cross motions for summary judgment.

The district court denied Arrowhead's motion for summary judgment in part and granted it in part, declining to conclude at that point that SAFELA was liable on the note or judgment, concluding that Arrowhead was entitled to a declaration that SAE is liable on the note to the same extent as SAFE. Additionally, after defendants continued to fail to comply with discovery orders, the district court sanctioned defendants, holding that they had waived any personal jurisdiction defense, and denied their motion for summary judgment. Financial sanctions were also imposed and Hoffman was found in contempt of court.[1]

---

[1] Though defense counsel was also sanctioned, the sanctions were removed after the district court granted defendants' motion for reconsideration in part.

As the remaining claims proceeded toward trial, defendants' obstructionism continued. Consequently, the district court granted Arrowhead's Rule 37 motion to strike SAFELA's answer and enter judgment in Arrowhead's favor. *See* Fed. R. Civ. P. 37. The court also imposed additional financial sanctions on defendants. Defendants appealed, but we determined that we lacked appellate jurisdiction and remanded the case. The district court issued its revised judgment, and this renewed appeal followed.

We review *de novo* a district court's grant of summary judgment, "construing the evidence in the light most favorable to the non-moving party and drawing all reasonable inferences in its favor." *Mitchell v. City of New York*, 841 F.3d 72, 77 (2d Cir. 2016) (internal quotation marks omitted). We review a district court's imposition of sanctions for abuse of discretion. *SEC v. Razmilovic*, 738 F.3d 14, 25 (2d Cir. 2013) ("An abuse of discretion may consist of an erroneous view of the law, a clearly erroneous assessment of the facts, or a decision that cannot be located within the range of permissible decisions."). We conclude that defendants' appeal is without merit.

First, defendants suggest that claim preclusion, based on the underlying state action, blocks Arrowhead from proceeding. Under New York law, however, a judgment against one of several obligors who are jointly and severally liable does not block a separate action against another obligor. N.Y. Gen. Oblig. § 15-102; *see also*

5

*Kirshtein v. Balio*, 605 N.Y.S.2d 165 (3d Dep't 1993). Additionally, at the time the state suit was filed Arrowhead did not have claims against SAE and SAFELA because SAE and SAFELA did not receive PLC's assets until after Arrowhead brought its initial claims.

Defendants next contend that the district court's ruling violates the automatic stay applicable to PLC through its related bankruptcy proceeding. The bankruptcy case, however, was closed, ending the automatic stay, on November 23, 2015, well before the district court's order and opinion in September 2016. 11 U.S.C. § 362(c)(2)(A).

Additionally, defendants challenge the district court's finding of a *de facto* merger between SAE and PLC. This argument is without merit. Substantial evidence supported the district court's conclusion that Arrowhead sufficiently established the requisite hallmarks of a *de facto* merger between SAE and PLC, and between SAE and SAFE (*e.g.,* a continuity of ownership, complete transfer of assets, subsequent liquidation, and a continuity of management, assets, and business operations). *Cargo Partner AG v. Albatrans, Inc.*, 352 F.3d 41, 46-7 (2d Cir. 2003). Even if the amended complaint did not use the words "*de facto* merger," it sufficiently pled facts establishing such a conclusion based on the transfer of assets from PLC to SAE.

Defendants also challenge the district court's imposition of sanctions. The district court, however, did not abuse its discretion in imposing sanctions. Hoffman

6

and the "Seven Arts" entities controlled by Hoffman repeatedly failed to comply with their discovery obligations. Moreover, they have engaged in similar misconduct before other tribunals. *See Seven Arts Pictures PLC v. Jonesfilm*, 311 F. App'x 962, 965 (9th Cir. 2009); *Seven Arts Pictures, Inc. v. Jonesfilm*, 512 F. App'x 419 (5th Cir. 2013); *Seven Arts Filmed Entm't Ltd. v. Jonesfilm*, 538 F. App'x 444 (5th Cir. 2013); App. 1371 (violation of arbitration order); *Hoffman v. Salke*, 2008 WL 2895966 (Cal. Ct. App. July 29, 2008) (unpublished state court decision imposing sanctions). Here, defendants engaged in a pattern of obstructionism that prevented Arrowhead from effectively litigating its claims. The district court's sanctions were not an abuse of discretion. *See* Fed. R. Civ. P. 37; *Guggenheim Capital, LLC v. Birnbaum*, 722 F.3d 444, 450-51 (2d Cir. 2013).

Defendants argue that the June 5 judgment is not a proper final judgment -- noting that causes of action three through eight were dismissed without prejudice. This is incorrect. The judgment provides that causes of action three through eight were abandoned without prejudice only as to Arrowhead's claims for post-judgment relief and its claims against other persons or entities. The claims were deemed abandoned with prejudice, at least implicitly, as to defendants.

We have considered all of the defendants' remaining arguments and conclude they are without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

7