Bank of Am., N.A. v Hayes (2025 NY Slip Op 50964(U))

[*1]

Bank of Am., N.A. v Hayes

2025 NY Slip Op 50964(U)

Decided on June 12, 2025

Supreme Court, Warren County

Muller, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on June 12, 2025
Supreme Court, Warren County

Bank of America, N.A., Plaintiff,

against
Christine Angela Hayes, Defendant.

Index No. EF2023-72048

Rubin & Rothman, LLC, Islandia (Eric S. Pillischer, of Counsel) for plaintiff
Christine Angela Hayes, pro se defendant

Robert J. Muller, J.

The plaintiff commenced this action to recover damages for breach of contract alleging that the defendant failed to pay sums due on her credit card account. Plaintiff Bank of America, N.A., moved this court for an order pursuant to CPLR §3212 granting it summary judgment on the complaint against defendant Christine Angela Hayes, relying on the affidavit of Victoria L. White, the affirmation of Eric S. Pillischer, Esq. and the exhibits annexed thereto in support and the affirmation in reply of Eric S. Pillischer, Esq.Defendant Christine Angela Hayes submitted an affirmation in support of her opposition thereto.
Summary judgment is appropriate when there are no genuine triable issues of material fact between the parties and the movant is entitled to judgment as a matter of law (CPLR 3212; Alvarez v Prospect Hosp., 68 NY2d 320, 326-327 [1986]). The movant must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact (Alvarez v Prospect Hosp., 68 NY2d at 324; Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). To defeat a motion for summary judgment, the opposing party must produce evidentiary proof in admissible form sufficient to require a trial of material questions of fact on which the opposing claim rests (Zuckerman v City of New York, 49 NY2d at 562; Moore v 3 Phase Equestrian Ctr., Inc., 83 AD3d 677, 679 [2d Dept 2011]).
In American Express Bank, FSB v Scali (142 AD3d 517, 517-518 [2d Dept 2016]), the Court noted that in order to be granted summary judgment the plaintiff, which issued the credit card, "[must] tender sufficient evidence that there was a credit card agreement, which the defendant accepted by using the credit card and making payments thereon, and that the agreement was breached by the defendant when he failed to make required payments" (see Citibank [S.D.], N.A. v Brown-Serulovic, 97 AD3d 522 at 523 [2d Dept 2012]).
Plaintiff has submitted the affirmation of Victoria L. White, Title Officer and custodian of records for plaintiff, a Credit Card Agreement for Christine Angela Hayes, credit card request information received by plaintiff on July 2, 2019 which identifies applicant's birth year (month and day redacted), last four digits of a social security number, a balance transfer request for $800.00, defendant's address and her telephone number.[FN1]
Plaintiff also submitted several billing cycle statements sent to defendant's address beginning on June 25, 2019 through May 25, 2023. (NYSCEF Doc. No. 1) The first billing statement reflects two balance transfers from other credit cards on July 17, 2019 in the amount of $800.00 (Sears) and $3,770.00 (Card Serv). The next billing statement reflects another balance transfer on July 30, 2019, from a Sears card and a payment of $50.00 on August 17, 2019. Payments and additional charges to the account were made over the next few years until payments stopped and the account was charged off on May 31, 2023 with a balance due of $11,203.81. (NYSCEF Doc. No. 13) The last payment
Viewing the evidence in the light most favorable to the opposing party, the Court finds through plaintiff's submission of the credit card agreement, affidavits and billing statements which evidences the unpaid balance, plaintiff has sustained its burden of proof and established its prima facie entitlement to a judgment as a matter of law. Defendant's payments are deemed prima facie evidence of an account stated cause of action (see Chisholm-Ryder Co., Inc. v. Sommer & Sommer, 70 AD2d 429, 431, 421 NYS2d 455, 457 [4th Dept 1979]). "An agreement may also be implied if the debtor makes partial payment. The partial payment is considered acknowledgment of the correctness of the account" (id. internal citations omitted; see also Hoyniak v. Acton, 271 AD2d 892, 706 NYS2d 766 [3rd Dept 2000]; Citibank (South Dakota) N.A. v. Cutler, 112 AD3d 573, 976 NYS.2d 196 [2nd Dept 2013]; Rosenman Colin Freund Lewis & Cohen v. Edelman, 160 AD2d 626, 559 N.Y.S.2d 249 [1st Dept 1990], lv. denied 77 NY2d 802, 567 N.Y.S.2d 643). (Wells Fargo Bank, N.A. v Walker, 141 AD3d at 987; Deutsche Bank Natl. Trust Co. v Monica, 131 AD3d at 738; Wells Fargo Bank, NA v Ostiguy, 127 AD3d at 1376).
The Court now turns to whether defendant has raised a viable defense or raised a triable issue of material fact to defeat the motion. Defendant interposed an answer in which she generally denies service of the summons and complaint and generally denies owing plaintiff money. (NYSCEF Doc. No. 6) Defendant's affirmation in opposition to plaintiff's motion for summary judgment states that she did not apply for any revolving charge card or line of credit facility from plaintiff, does not recognize the charges, did not make the charges and believes her identity has been stolen. (NYSCEF Doc. No. 23)
The affidavit of service states that the defendant was served personally on December 11, 2023 at 3:57 pm at her residence and gives defendant's description as a white female, approximate age 40-50 years old, approximate height 5'4"-5'8" (NYSCEF Doc. No. 3). The [*2]address, age and height of the female is consistent with that which appears on the NYS Department of Motor Vehicle records. (See NYSCEF Doc. No. 10) The address at which defendant was served is the same that appears on her verified answer.
A process server's affidavit constitutes prima facie evidence of proper service which requires "detailed and specific contradiction of the allegations in the process server's affidavit sufficient to create a question of fact on this issue" (Bankers Trust Co. of Cal. v. Tsoukas, 303 AD2d 343, 344, 756 N.Y.S.2d 92 [2003]; Kurlander v. Willie, 45 AD3d 1006, 1007 [3rd Dept 2007]). Defendant's vague and conclusory statement that she "[has] not received any notification or service of this lawsuit by the [p]laintiff, Bank of America, N.A. The notification received by the Warren County Clerk's office USPS mail, dated 12/27/2023: Additional Notice of Lawsuit, is the first and only notification I have received of this matter" does not constitute the requisite detail necessary to raise a question of fact on this issue (Bankers Trust Co. of Cal. v Tsoukas, 303 AD2d 343, 344, 756 NYS2d92 [2003]).
Similarly, defendant states in conclusory terms she did not apply for credit with plaintiff, did not make any of the charges and believes her identity to have been stolen. Defendant does not deny her home address where plaintiff's billing statements were sent for five years, nor does she deny the allegations of balance transfers and related payments on the account.[FN2]
Instead, defendant alleges she is a victim of identity theft, however this bare conclusory allegation of fraud does not provide a sufficient basis for denying the plaintiff's motion for summary judgment (Smith v Ellenville Natl. Bank, 60 AD2d 931, 931 [3d Dept 1978]). 
Thus having considered NYSCEF Doc. Nos. 7 through 14, 18, 23 and 25 it is hereby,
ORDERED, that plaintiff's motion for an order granting it summary judgment against defendant is granted, and it is further
ORDERED, that plaintiff have judgment against defendant in the sum of $11,203.81 with taxable costs and disbursements, and it is further
ORDERED, that the Clerk of the Court is directed to enter judgment accordingly and that plaintiff have execution thereof; and it is further
ORDERED, that any relief not specifically addressed herein has nonetheless been considered and is expressly denied; and it is further
The original of this Decision and Order has been filed by the Court. Counsel for plaintiff is directed to serve defendant with notice of entry.
Date: June 12, 2025
Lake George, New York
HON. ROBERT J. MULLER, J.S.C.
E N T E R

Footnotes

Footnote 1:Plaintiff's search of the NYS Department of Motor Vehicles confirmed defendant's address, as reflected on her driver's license. The record also revealed her year of birth, eye color and height. (NYSCEF Doc. No. 10) Additionally, the address and telephone number identified in the credit card request are the same defendant provided on her verified answer.

Footnote 2:The billing statements submitted by plaintiff specifically identify two balance transfers from a Sears card to the account with plaintiff which defendant does address or deny.