Francis J. Donovan, J.
Plaintiff seeks to recover the sum of $800 alleged to have been loaned to defendant by plaintiff from July 26,1966 through November, 1967.
Upon the trial it appeared that plaintiff was in the business of selling and installing aluminum siding. The contracts for the work were in writing and signed by the homeowner and the plaintiff. The plaintiff closely supervised the work of the defendant who was engaged to furnish the labor involved in the installation. The plaintiff had the right to fire or discharge the defendant at any time. There was no formal contract spelling out the rights of the parties.
On plaintiff’s testimony it is clear that it purchased labor alone from the defendant.
The defendant did not participate in any profit or loss involved in the work. Defendant was paid for work done, sometimes after inspection of the work by the plaintiff, and sometimes without such inspection.
Defendant had a helper and he was required to maintain workmen’s compensation insurance at his own cost and expense.
The theory of plaintiff is that advances were made to the defendant for labor on several installations and the installations were either not completed or improperly done.
Before considering any other issues, there is a threshold issue, namely: Was the defendant an independent contractor or was he an employee of the plaintiff?
A number of analogous situations have arisen in connection with the construction of the definition “ employee ” in the Workmen’s Compensation Law. (See McKinney’s Cons. Laws of N. Y., Book 64, Workmen’s Compensation Law, § 2, p. 46, note 92; p. 49, note 103.) In Matter of Beach v. Velzy (238 N. Y. 100) the general principle is established and a general test provided in which the cardinal principle is that of control.
In the case before us it was the plaintiff who decided when each job should be started and on which job the defendant should work at any particular time.
The only fact which would tend to support the theory of independent contractor is the fact that defendant was not paid *86 for his labor on any fixed scale independent of the amount of work performed. Everything else about his agreement with the plaintiff partakes of the ordinary employer-employee relationship.
The purpose of the Labor Law was to throw special protection around the laborer or mechanic. He is different from the entrepreneur. The entrepreneur undertakes a risk of loss, since he envisions a profit or series of profits sufficient to compensate him for any foreseeable loss. On the other hand the workman depends upon his weekly pay. The sole remedy for inefficient work as between employer and employee, is the employer’s right to discharge or fire the employee. It is expected that he is in a position to determine this without any great loss since he closely supervises the employee’s work.
To protect the workman against loss, the Legislature has regulated assignments of future wages, mandated the periodic payment of wages and prohibited deductions from wages (Labor Law, art. 6; Personal Property Law, art. 3-A). More specifically, section 193 of the Labor Law provides that no employer may make any deduction from the wages of an employee, except those specifically set forth in the statute. In substance the plaintiff here is seeking to deduct moneys retroactively from payments made on account of the labor of the defendant.
Upon the facts in this case the defendant is an employee of the plaintiff. It follows that the payments made in exchange for defendant’s labor are wages as that term is used in the Labor Law and no deduction may be made therefrom on account of work not done or improperly done.
Judgment accordingly may be entered in favor of the defendant with costs and disbursements.