■ LIBERTY NATIONAL BANK AND TRUST COMPANY, Appellant, v LYMAN E. RICE, Individually and Doing Business as BARRE SERVICE CENTER, Respondent.—Order unanimously reversed, with costs, plaintiff's motion for summary judgment granted and counterclaim severed. Memorandum: Liberty National Bank and Trust Company (bank) appeals from an order denying its motion for summary judgment on its complaint and dismissal of defendant's counterclaim. In its complaint plaintiff seeks to require defendant Rice to repurchase a trailer retail installment contract between defendant and George and Lila Smart. That contract showed that the Smarts as buyers had paid $1,060 in cash to defendant as a down payment, leaving a balance of $5,565, including life and disability credit insurance, plus finance charges of $1,946.83, to be paid to defendant seller or his assignee in 60 equal monthly payments. The contract provided that in the event of default the buyer would pay to the seller or his assignee 15% of the unpaid balance as attorney's collection fees. Defendant assigned the contract to plaintiff bank by instrument in which he warranted that the installment contract was "genuine, unamended and enforceable without defense of counterclaim" and

"that the cash payment described therein has been received from the Buyer by the Seller and that no part thereof was loaned or paid directly or indirectly to the Buyer by the Seller." The assignment further provided that "Seller agrees that if any of the representations be untrue * * * the Seller will upon demand repurchase the said contract from the assignee" by paying the unpaid balance thereon. Ten months later plaintiff instituted this action to require defendant to repurchase the contract, alleging that the buyers had defaulted in their payments, that defendant had falsely represented that the buyer had made the $1,060 down payment, and that defendant had failed to transfer title in the trailer to the buyers. In his answer defendant interposed a general denial, affirmative defenses and a counterclaim that plaintiff negligently failed to have the trailer insured, that it was destroyed by fire and that the financial loss under the contract was plaintiff's fault. Defendant also alleged that the provision in the assignment contract in which he agreed not to interpose a counterclaim in the event of suit against him on the contract and assignment, was unenforceable as unconscionable and violative of public policy, and he asserted that his failure to transfer title in the trailer to the buyer did not prejudice plaintiff or prevent the placing of fire insurance on it. In opposition to plaintiff's motion for summary judgment defendant averred that he took a promissory note from the buyers in lieu of the cash down payment, but that such violation of the terms of the assignment was not material or sufficient to entitle plaintiff to require defendant to repurchase the contract. He also averred that plaintiff had represented to him that unless it notified defendant otherwise, plaintiff would obtain the necessary fire insurance on the trailer and that plaintiff violated its duty to get the insurance coverage. Special Term denied the motion for summary judgment on the ground that questions of fact were presented. If there are questions of fact presented on this motion, they relate only to defendant's counterclaim, for we find no question of fact concerning plaintiff's complaint. The contract and assignment show defendant's representations, and defendant admitted that the warranty that the buyers had made the cash down payment was false. There is no showing of waiver of that important term of the contract; and by the express provision of the assignment plaintiff is entitled to have defendant repurchase the installment contract in accordance with its monetary terms which are not in issue. The allegations that plaintiff undertook to have the trailer insured and that its failure to do so has caused loss to the defendant, although mostly conclusory, are sufficient to justify denial of the motion to dismiss the counterclaim as a matter of law. Accordingly, the order is modified to grant plaintiff's motion for summary judgment against defendant on the complaint, and the counterclaim is severed (CPLR 3212, subd [e], par 1). In view of the nature of the counterclaim and the lack of claim of financial instability on the part of plaintiff, judgment may be entered on the complaint forthwith (see *Santoiemmo v Syracuse Paper & Twine Co.,* 52 AD2d 721). Because of the foregoing disposition, we do not need to reach defendant's contention that the provision in the assignment wherein he agreed not to interpose a counterclaim in an action thereon is unenforceable and violative of public policy. Defendant submits no authority in support of his argument. We know of no principle of law which forbids parties to a contract, and especially a commercial one of this nature, to enter into such an agreement. The agreement does not purport to deny the assignor the right to assert any claim by independent action, and so defendant's rights, if any, are preserved in his counterclaim which is

severed. We do not, of course, consider the merits of the counterclaim. (Appeal from order of Erie Supreme Court—summary judgment.) Present—Marsh, P. J., Moule, Simons, Goldman and Witmer, JJ.