■ CHISHOLM RYDER COMPANY, INC., Respondent, v MUNRO GAMES, INC., Appellant.—Judgment unanimously reversed, with costs, and motion denied. Memorandum: On June 10, 1974 plaintiff, Chisholm Ryder Company, Inc., and defendant, Munro Games, Inc., entered into an agreement whereby an area of plaintiff's warehouse was to be leased to defendant for the storage of games and toys. Following the initial six- month rental period provided for in the lease, the lease arrangement was extended on a month-to-month basis. Defendant contends that due to plaintiff's failure to repair severe leaking problems in the roof which caused extensive damage to its goods, it withheld rental payments from May 1, 1975 to October 1, 1975. Plaintiff served an ex parte order of attachment on the defendant's goods stored in its warehouse. The parties thereafter agreed to have the attachment order dissolved and defendant executed a promissory note representing the rent due for the period during which the payments were withheld. On December 15, 1975 defendant delivered a promissory note to the plaintiff due January 15, 1976 in the amount of $31,641.91 "without waiver of any claims Munro may have against Chisholm Ryder for roof leaks and bird damage". Defendant failed to tender payment on the maturity date and on January 20, 1976 plaintiff commenced this action under CPLR 3213, as an action based upon an instrument for the payment of a sum of money only, by service of summons and notice of motion with a supporting affidavit and the overdue note attached. Defendant countered with an answering affidavit contending, *inter alia,* that there existed a related counterclaim for damages which should be fully adjudicated at trial. Special Term granted plaintiff's motion for summary judgment on the note and a judgment was entered for plaintiff in the amount of $31,889.36. The primary purpose of CPLR 3213 is "to provide a speedy and effective means of securing a judgment on claims presumptively meritorious" *(Interman Ind. Prods. v R. S. M. Electron Power,* 37 NY2d 151, 154; see *Wagner v Cornblum,* 36 AD2d 427). Special Term's grant of summary judgment violated the well-established rule that it is improper to award summary judgment where a meritorious cause of action exists for an amount equal to or greater than that demanded in the complaint and where the two causes of action are so inseparable that entry of judgment should be withheld pending a plenary trial *(Seneca Trucking Co., Inc. v Overmeyer Co., Inc.,* 36 AD2d 894). We believe that this record reveals the existence of a related potentially meritorious counterclaim by defendant against plaintiff and that the plaintiff's claim for rent and defendant's counterclaim for damages to its goods are so inseparable that the claims should await resolution at trial *(Koondel v Creative Capital Fund,* 36 AD2d 587). (Appeal from judgment of Erie Supreme Court—summary judgment.) Present—Marsh, P. J., Moule, Cardamone, Simons and Goldman, JJ.