■ ALLAN F. JONES, Plaintiff, v CHC INDUSTRIES, INC., Defendant. (Action No. 1.) ALLAN F. JONES, Respondent, v CHC INDUSTRIES, INC., et al.,

Appellants. (Action No. 2.)—Judgment unanimously reversed, with costs, and motion denied. Memorandum: Plaintiff's motion for summary judgment under CPLR 3213 was improperly granted. Such section provides for accelerated judgment when an action is based upon an instrument for the payment of money only. Plaintiff to prevail on a motion under this section must establish a prima facie case by proof of the instrument providing for the payment of money and defendants' failure to make payments in accordance with its terms *(Interman Ind. Prods. v R. S. M. Electron Power,* 37 NY2d 151, 155; *McNeilly v Rogers,* 58 AD2d 724, 725; *Wagner v Cornblum,* 36 AD2d 427, 428; see *Chisholm Ryder Co. v Munro Games,* 58 AD2d 972). Plaintiff bases this action upon an employment agreement which requires him to act as an adviser to defendant Period Brass. Plaintiff's annual salary is fixed at $35,000 for the first 10 years of the agreement, following which he is to serve as an adviser for one year without pay. After this one-year period expires plaintiff's salary is fixed at $15,000. Such an agreement is not an instrument for the payment of money only (see *Haug v Metal City Findings Corp.,* 47 AD2d 837; *Rickert v Packet Facilities,* 35 AD2d 711). Furthermore, inasmuch as plaintiff's salary was conditioned on his service as an adviser and plaintiff's performance in this respect is disputed, there exists a triable issue of fact which must be resolved. (Appeal from judgment of Erie Supreme Court—summary judgment.) Present—Marsh, P. J., Moule, Simons, Dillon and Schnepp, JJ.