ROBERT T. LOGAN, Respondent, v WILLIAMSON & COMPANY, Appellant.

Fourth Department, November 10, 1978

## APPEARANCES OF COUNSEL

*Sidney Meyers* for appellant.

*Phillips, Lytle, Hitchcock, Blaine & Huber (David Alan Sands* of counsel), for respondent.

## OPINION OF THE COURT

SIMONS, J.

Plaintiff has obtained summary judgment on three defaulted promissory notes under the expedited procedure provided in CPLR 3213. The notes were executed by defendant to secure payment for the transfer to it of the equipment, capital stock and real property of Robert T. Logan Company, Inc. It is defendant's position that summary judgment should not have been granted pursuant to section 3213 because it has a meritorious defense to plaintiff's motion. It alleges that the notes and underlying contracts were part of a larger "unitary

transaction" which included a contract for services by plaintiff and that the plaintiff has breached this employment contract.

The Robert T. Logan Company, Inc., manufactures hydraulic moulding presses used in the duplicate printing industry. In 1967 the corporation and its property and assets were purchased by defendant in a transaction which involved five contracts executed by plaintiff and defendant. The first called for the sale of all capital stock in Robert T. Logan Company, Inc., for the sum of $153,500. This contract provided that plaintiff enter into two other separate agreements with defendant at the time of closing, an employment contract and an agreement not to compete, and it declared that those agreements were "of the essence of this contract." Plaintiff executed the additional agreements as promised on August 1, 1967. The agreement not to compete was for a period of seven years for the consideration of $5,000, to be paid in five annual installments. The agreement for services provided that plaintiff was to remain in the employ of the defendant for two years from the date of the agreement at an annual salary of $20,000. The employment contract contained no provision for renewal at the expiration of the two-year term but the parties continued to operate under it until defendant discharged plaintiff on May 5, 1972.

The remaining two contracts called for the sale of the corporate equipment, designs and other assets for the sum of $195,000 and the sale of the corporate real estate for the sum of $80,000.

The purchases of the capital stock, equipment and real property were all financed by similar arrangements, an initial down payment with the balance and interest to be paid quarterly in 20 installments over a period of five years starting August 1, 1967. The three debts were evidenced by separate promissory notes for the principal balance, each indicating that the note was given pursuant to the underlying contract. This application for judgment is made upon these notes. Defendant completed 18 payments through May, 1972, but it has defaulted on the final 2 payments due on each note. Plaintiff commenced this action in March, 1977 seeking $31,728.58 principal and interest allegedly due him. Defendant does not deny execution of the notes or default in the payment.

CPLR 3213 provides that a creditor in an action on "an instrument for money only" (and a promissory note whether

negotiable or not undoubtedly qualifies as such an instrument) may proceed by summons and motion for summary judgment without the necessity of formal pleading. The justification for this expedited procedure is that such obligations are presumptively valid, and holders of them, in the absence of questions of fact as to authenticity or default, should not be subject to the delay occasioned by formal pleading *(Interman Ind. Prods. v R. S. M. Electron Power,* 37 NY2d 151, 154-155; *Seaman-Andwall Corp. v Wright Mach. Corp.,* 31 AD2d 136). When the instrument itself calls for something more than the payment of money, however, the 3213 motion for summary judgment will be denied and the parties directed to plead (see *Jones v CHC Ind.,* 63 AD2d 1119; *Wagner v Cornblum,* 36 AD2d 427, 428-429 and cases cited therein). Defendant would have us extend this rule to hold that despite default, a court may not permit the holder of a promissory note to proceed to judgment if defendant alleges a breach of a separate but contemporaneous contract executed as part of the same general transaction.

■ We do not believe that such a result is warranted. The instruments plaintiff sues upon are clearly within the statutory definition, free of any unfulfilled performance due to the maker by their terms (cf. *Haug v Metal City Findings Corp.,* 47 AD2d 837; *Century Constr. Corp. v Friedman,* 40 AD2d 1033; *Rickert v Packet Facilities,* 35 AD2d 711). Defendant has received the corporate assets transferred pursuant to the underlying contracts and plaintiff has executed the employment contract and the agreement not to compete as required by the agreement for the purchase of capital stock. He is entitled to judgment on his claim.

There remains the question of defendant's counterclaim for damages resulting from plaintiff's alleged breach of the employment contract. Special Term's order dismissed the counterclaim although the allegations in the answering affidavits raise questions of fact entitling defendant to a plenary trial.

■ ■ The CPLR makes no reference to the disposition of counterclaims asserted on a section 3213 motion for summary judgment. Certainly it would be inconsistent with that section's purpose to delay entry of plaintiff's judgment because defendant asserted an unrelated and unliquidated claim upon which it was not clearly entitled to relief. In such cases, in the absence of special equities, the counterclaim should be dismissed by the court to be the subject of a separate action. A related counterclaim arising from the same transaction stands

on firmer ground, however, and may preclude plaintiff's motion for summary judgment (see Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR, C3213:17, p 842). Thus, this court has denied plaintiff's motion for summary judgment when defendant has asserted a related counterclaim inseparable from plaintiff's claim, implicitly recognizing that a section 3213 motion is one for summary judgment and is subject to the same rules generally applicable to the determination of motions brought pursuant to CPLR 3212 (see *Chisholm Ryder Co. v Munroe Games*, 58 AD2d 972; and see *Seaman-Andwall Corp. v Wright Mach. Corp.*, 31 AD2d 136, *supra*; cf. *Liberty Nat. Bank & Trust Co. v Rice*, 53 AD2d 1055; *Rose v Genesee Monroe Racing Assn.*, 52 AD2d 1091; see, also, 4 Weinstein-Korn-Miller, NY Civ Prac, par 3213.02b, p 32-213). In this case, defendant asserts a cause of action on a related but independent and unliquidated counterclaim, one arising out of the same general transaction but one which does not constitute a defense to plaintiff's cause of action. Under these circumstances plaintiff's motion for summary judgment should not be denied.

Special Term erred, however, in dismissing the counterclaim. Defendant asserted its claim in response to plaintiff's motion, within the statutory period of limitations, and the counterclaim may now be barred if dismissed. Therefore, although Special Term correctly granted summary judgment as to plaintiff's claim, we should modify its order to deny the application to dismiss defendant's counterclaim.

Because of the procedure adopted, the underlying facts supporting defendant's counterclaim are alleged in several affidavits annexed to its answering papers and the counterclaim is not susceptible to intelligent reply. Defendant should plead its counterclaim in a formal pleading (see CPLR 3213). The record demonstrates no reason to stay entry or execution on plaintiff's judgment, however, while defendant attempts to establish its claim.

The order should be modified to direct that plaintiff's motion for summary judgment be granted, defendant's counterclaim severed, and defendant directed to plead its counterclaim within 10 days of the entry of the order herein together with service of a notice of entry, if so advised, and in default of defendant so pleading, plaintiff should be granted summary judgment dismissing the counterclaim.

MARSH, P. J., HANCOCK, JR., SCHNEPP and WITMER, JJ., concur.

Order unanimously modified, and, as modified, affirmed, without costs, in accordance with opinion by SIMONS, J.