opinion of the court
Beatrice Burstein, J.
Plaintiff’s motion for partial summary judgment as against the corporate defendant, pursuant to CPLR 3212, is denied, for the reasons set forth hereinafter. Defendants’ cross motion for an order sanctioning plaintiff, pursuant to CPLR 3126, is denied as moot, since the interrogatories at issue have been served.
Plaintiff, a computer programmer, is suing the corporate defendant (hereinafter the defendant) for sums due for work, labor and services. He offers defendant’s written admissions (by its president, defendant Oscar Telesca) that the sums he seeks are due.
The defendant asserts several counterclaims, including a demand for the return of $5,600, for wages previously paid, on the ground plaintiff failed to perform the work properly, and for $20,000 it alleges it paid third persons to complete the work. The third counterclaim does not seek monetary damages, but rather injunctive^ relief, based upon plaintiff’s alleged breach of a restrictive covenant. Since this last counterclaim is unrelated to the issue of wages due *941 and owing, it does not preclude the granting of summary judgment. (Pease & Elliman v 926 Park Ave. Corp., 23 AD2d 361, affd 17 NY2d 890.)
Normally, because the first and second counterclaims are related to plaintiff’s claim, their imposition might act as a bar to granting of summary judgment. However, plaintiff may still succeed if the counterclaims are shown to be lacking in merit. (See M & S Mercury Air Conditioning Corp. v Rodolitz, 24 AD2d 873, affd 17 NY2d 909.)
It is uncontroverted that plaintiff received a fixed weekly salary, while defendant was responsible for its share of Federal income tax, New York State income tax, F.I.C.A. and New York State Workers’ Compensation Insurance. Therefore, the court finds plaintiff served defendant in the capacity of an employee, not an independent contractor. (See Labor Law, § 190, subd 2.) Defendant’s bald allegations to the contrary are insufficient proof on a motion for summary judgment. (Capelin Assoc. v Globe Mfg. Corp., 34 NY2d 338, 342.) Accordingly, plaintiff was entitled to such protection as article 6 of the Labor Law provides.
Among the protections this article affords is a rigid restriction upon what an employer may deduct from an employee’s wages. (See Labor Law, § 193.) Nowhere does this section permit an employer to make contemporaneous deductions from wages because an employee failed to perform properly. To allow the defendant the right to recover the return of wages already paid (first counterclaim), or a money judgment (second counterclaim) based upon plaintiff’s alleged lack of performance would be permitting defendant to do indirectly and retroactively that which the law specifically prohibits it from doing directly. Such behavior has not been sanctioned by the courts, for to do so would vitiate the special protections for which this section of the Labor Law was designed. (Maggione v Bero Constr. Corp., 106 Misc 2d 384; East Coast Inds. v Becconsall, 60 Misc 2d 84.)
It is also uncontroverted that plaintiff’s employment was at will, giving defendant the absolute right to discharge plaintiff at any time for any reason or even for no reason at *942 all. (Watson v Gugino, 204 NY 535; Laiken v American Bank & Trust Co., 34 AD2d 514.) Therefore, defendant was not without a remedy; if plaintiff failed to perform his work, defendant could have fired him. However, whether that was the case was defendant’s responsibility to determine. An employee does not bear the burden of advising his employer that he is not performing his job. Concomitantly, an employer cannot be permitted to claim it was fraudulently induced to abdicate its responsibility to supervise the performance of its employees.
This power to terminate plaintiff’s employment at will distinguishes this case from Jones v CHC Inds. (63 AD2d 1119). The record in that case reveals the employment contract at issue provided for Mr. Jones’ employment as an advisor, with no set duties, for a significant number of years, with payments to be made for the full period, even if Mr. Jones died before it expired. Furthermore, the contract specified it could not be terminated except upon consent.* In addition, Jones is further distinguishable because plaintiff never sought protection of the Labor Law. In view of all of the aforesaid, the court finds defendant’s first and second counterclaims cannot stand, as a matter of law.
As to defendant’s defense of duress, it is without merit. The duress alleged did not come from plaintiff, but from defendant’s precarious financial position. Accordingly, plaintiff is granted summary judgment against the corporate defendant in the sum of $10,499.37.
Plaintiff’s remaining causes of action against individual defendants and the third counterclaim of defendant International TAO Systems Inc. are severed.

 It appears from the record that the purpose of the employment contract in Jones v CHC Inds. (63 AD2d 1119, supra) actually was to compensate plaintiff for the purchase of plaintiff’s closely held corporation, not to obtain his advice.