■ LEWIS HARRIS, Appellant, v ALAN M. MILLER, Respondent.—In an action to recover on a promissory note, the plaintiff appeals from an order of the Supreme Court, Nassau County (Kutner, J.), dated September 29, 1986, which denied his motion pursuant to CPLR 3213 for summary judgment in lieu of complaint.

Ordered that the order is reversed, on the law, without costs or disbursements, the plaintiff's motion for summary judgment in lieu of complaint is granted, the counterclaims based on quantum meruit asserted by the defendant are severed, and the defendant is directed to plead those counterclaims in a formal pleading within 10 days after service upon him of a copy of this decision and order, with notice of entry; in the event the defendant fails to so plead, his counterclaims shall be dismissed.

The defendant admits that on or about July 29, 1983, he received $15,000 from the plaintiff, and that, on February 20, 1984, he executed a promissory note in which he promised to repay that $15,000 to the plaintiff on demand. The defendant nevertheless argues that summary judgment in favor of the plaintiff should not be granted, because he is entitled to recover certain sums from the plaintiff on account of various legal services he performed for the plaintiff at various times as early as 1980. We disagree.

"[I]f defendant's claim is not as clear and liquidated as one based on a judgment or instrument, it should not be interposable in response to a [CPLR] 3213 motion-action" (Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 3213:17, at 842). There is an exception to this general rule where it appears that the transactions upon which the counterclaim is based are inseparable from and may constitute a defense to the main claim *(see, e.g., Lackmann Food Serv. v E & S Vending Co.,* 125 AD2d 366; *Beninati v Hanley,* 95 AD2d 816). However, even where the proposed counterclaim arises out of the "same general transaction" but would not constitute a defense to the main claim, the plaintiff should not be deprived of his right to summary judgment on the note *(see, Logan v Williamson & Co.,* 64 AD2d 466, 470; *see also, Maglich v Saxe, Bacon & Bolan,* 97 AD2d 19, 23-24). There is nothing in the record on appeal which indicates that the defendant would be prejudiced by being compelled to litigate his claim for compensation for legal services in a separate action, after entry of the judgment against him and in favor of the plaintiff on the note. The

plaintiff has clearly shown his right to an accelerated judgment pursuant to CPLR 3213.

Accordingly, the order under review is reversed, summary judgment in favor of the plaintiff is granted pursuant to CPLR 3213, and the defendant's counterclaims are severed. The defendant is also directed to formally plead his counterclaims within 10 days of the service upon him of a copy of this decision and order, and in the event he defaults in so pleading, the counterclaims shall be dismissed *(see, Logan v Williamson & Co., supra,* at 470). Bracken, J. P., Kunzeman, Rubin and Eiber, JJ., concur.