■ DAVID G. MARX, Respondent, v VINCENT P. LAROUCHE, Appellant.—Judgment unanimously modified on the law and as modified affirmed without costs, in accordance with the following memorandum: On March 2, 1983 the parties entered into an agreement wherein defendant bought 22,500 shares of Micro Copy, Inc. stock from plaintiff for $1 a share. Defendant gave plaintiff $2,400 in cash for this stock and executed and delivered to plaintiff a promissory note for the balance to be paid in monthly installments. On March 3, 1983 defendant entered into another agreement whereby Micro Copy, Inc. agreed to purchase his stock if he died or his employment with the corporation was terminated. The initial value of the stock was set at $1 a share and it was agreed that the stock would be reevaluated annually. In June 1985 defendant terminated his employment with the corporation and in February 1986 he defaulted on the promissory note.

Based on defendant's default on the promissory note, plaintiff commenced this action in May 1988 by service of a summons and notice of motion for summary judgment in lieu of complaint (CPLR 3213). Defendant in his answering affidavit asserted in part that he had stopped payments because of Micro Copy's refusal to repurchase his shares of stock, in breach of the March 3, 1983 agreement. The trial court granted plaintiff's motion and dismissed defendant's counterclaim based on the March 3rd agreement, along with another unrelated counterclaim, with leave to commence a separate action.

Because the March 3, 1983 agreement, although related, is not inseparable from the March 2nd agreement and does not provide a defense to the promissory note, summary judgment was properly granted *(see, Harris v Miller,* 136 AD2d 603; *Logan v Williamson & Co.,* 64 AD2d 466, 469-470, *appeal dismissed* 46 NY2d 996). The trial court, however, rather than dismissing defendant's related counterclaim, should have severed the counterclaim with leave to formally replead *(see, Harris v Miller, supra,* at 604). Further, given this counterclaim's closely interrelated, straightforward and presently uncontested nature, we conclude that fairness dictates that execution on plaintiff's judgment be stayed while defendant attempts to establish this claim *(cf., Logan v Williamson & Co., supra,* at 470).

Accordingly, the order is modified to provide that defendant's counterclaim based on the March 3, 1983 agreement is severed with leave to formally plead this counterclaim within 10 days of service of this court's order and execution on plaintiff's judgment is stayed pending repleading and resolution of this claim. (Appeal from judgment of Supreme Court, Monroe County, Provenzano, J.—summary judgment in lieu of complaint.) Present—Dillon, P. J., Callahan, Balio, Lawton and Davis, JJ.