■ Bank of Baroda, Respondent, v Mohan Shah, Appellant. [594 NYS2d 255] —Judgment, Supreme Court, New York County (David Saxe, J.), entered January 3, 1992, in favor of the plaintiff Bank of Baroda ("plaintiff Bank") and against the defendant in the sum of $50,213, inclusive of costs, unanimously affirmed, without costs.

Order of the same court and Justice, entered December 12, 1991, which, *inter alia,* granted the motion by the plaintiff Bank for summary judgment in lieu of complaint pursuant to CPLR 3213 as against the defendant, unanimously affirmed, without costs.

Order of the same court and Justice, entered July 6, 1992, which *inter alia,* denied the defendant's motion for renewal, unanimously affirmed, without costs.

The IAS Court properly determined that the plaintiff Bank had established a prima facie case of entitlement to summary judgment under CPLR 3213 by submission of the promissory note executed by the defendant together with proof of the

defendant's failure to make payment thereon *(Seaman-And-wall Corp. v Wright Mach. Corp.,* 31 AD2d 136, 137, *affd* 29 NY2d 617), and that the defendant, in turn, had failed to come forward with evidentiary proof sufficient to raise a triable issue of fact as to any of the affirmative defenses to the note *(Interman Indus. Prods. v R. S. M. Electron Power,* 37 NY2d 151, 155).

The plaintiff Bank did not engage in illegal activity by merely extending a loan and seeking repayment thereof from the defendant where, as here, defendant failed to establish a direct connection between an illegal transaction and the obligation sued upon *(McConnell v Commonwealth Pictures Corp.,* 7 NY2d 465, 471), or scienter and substantial assistance by the plaintiff Bank in furthering the alleged securities laws violations *(Armstrong v McAlpin,* 699 F2d 79, 91).

We have reviewed defendant's remaining claims and find them to be without merit. Concur—Ellerin, J. P., Kupferman, Ross and Kassal, JJ.