(July 31, 1995)

■ AFCO CREDIT CORPORATION, Appellant, v IKE ESHAGHIAN et al., Respondents. [630 NYS2d 94] —In an action to recover on a loan, the plaintiff appeals from an order of the Supreme Court, Nassau County (Becker, J.), dated May 10, 1994, which denied its motion for summary judgment in lieu of complaint pursuant to CPLR 3213.

Ordered that the order is reversed, on the law, with costs, the plaintiff's motion for summary judgment in lieu of complaint is granted, the defendants' counterclaims are severed, and the defendants are directed to plead their counterclaims in a formal pleading within 10 days after service upon them of a copy of this decision and order, with notice of entry; in the event the defendants fail to so plead, their counterclaims shall be dismissed.

The plaintiff is a premium financing company, operating pursuant to Banking Law article 12-B. It financed the sum of $16,826.08 towards the payment of the defendants' insurance premiums, totalling $21,033.08, for policy # 1131M76737 (hereinafter the policy) issued by the Greater New York Mutual Insurance Company (hereinafter the insurer) under a Premium

Finance Agreement (hereinafter the agreement). The defendants made a down payment, and thereafter also paid the first payment due under the agreement. Thereafter, their insurer cancelled the policy, contending that they owed $32,462.43, in unpaid premiums on the policy.

The defendants subsequently refused to pay the remainder of the sums due under the agreement. The plaintiff therefore commenced this action by motion for summary judgment in lieu of a complaint pursuant to CPLR 3213. The defendants opposed the motion. They sought dismissal of the action and also interposed counterclaims asserting, *inter alia,* that the plaintiff had breached its duty to compel the insurer to reinstate the policy.

The Supreme Court denied the motion, finding that there were questions, *inter alia,* as to the existence of the policy, and directed the plaintiff to serve a formal complaint. We agree with the plaintiff that the motion should have been granted and therefore reverse.

The agreement is an instrument for the payment of money only *(see, Afco Credit Corp. v Boropark Twelfth Ave. Realty Corp.,* 187 AD2d 634). It does not contain any provision imposing any duty upon the plaintiff in relation to any dispute between the defendants and their insurer. Moreover, even the defendants do not dispute that a policy of insurance was in effect until it was cancelled. Therefore, since the defendants failed to: (1) allege any valid affirmative defense to the note; (2) show any direct connection between the plaintiff's action or lack of action and their prior obligations; or (3) demonstrate any obligation by the plaintiff with respect to the defendants' relations between themselves and their insurer, the plaintiff's motion for summary judgment in lieu of complaint should have been granted *(see, Bank of Baroda v Shah,* 191 AD2d 237).

Accordingly, the order is reversed, the defendants' counterclaims are severed and they are directed to formally plead their counterclaims within 10 days of service upon them of a copy of this decision and order, and in the event they default in so pleading, the counterclaims shall be dismissed *(see, Harris v Miller,* 136 AD2d 603). Miller, J. P., Altman, Goldstein and Florio, JJ., concur.