■ LORRAINE A. FURIA, Respondent, v ANDREW CERONE, Appellant. [630 NYS2d 551] —In an action to recover on a promis-

sory note, the defendant appeals (1) from a judgment of the Supreme Court, Westchester County (Gurahian, J.), entered December 9, 1993, which, upon an order dated November 18, 1993, granting the plaintiff's motion pursuant to CPLR 3213 for summary judgment in lieu of complaint, is in favor of the plaintiff and against the defendant in the principal sum of $28,500, and (2) as limited by his brief, from stated portions of an order of the same court (Colabella, J.), dated March 15, 1994, which, *inter alia,* denied his motion to renew. The defendant's notice of appeal from the order dated November 18, 1993, is deemed a premature notice of appeal from the judgment *(see,* CPLR 5520 [c]).

Ordered that the judgment is affirmed; and it is further,

Ordered that the order dated March 15, 1994, is affirmed insofar as appealed from; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

The promissory note in question was clearly an instrument for the payment of money only within the meaning of CPLR 3213. The notations on the back of the note did not alter the defendant's unambiguous obligation to pay *(see, Gittleson v Dempster,* 148 AD2d 578, 579; *cf.; Tradition N. Am. v Sweeney,* 133 AD2d 53), and the evidence submitted by the defendant, both in his original opposition to the plaintiff's motion and in support of his motion to renew, was insufficient to raise triable issues of fact regarding his defenses of payment and lack of consideration *(see, Zuckerman v City of New York,* 49 NY2d 557, 562). Moreover, any claim that the plaintiff's decedent withdrew more than his share of compensation from the corporation of which he and the defendant were the sole shareholders may be brought as a derivative action on behalf of the corporation and is not a defense to the personal obligation imposed by the promissory note *(see,* Business Corporation Law § 720; *Abrams v Donati,* 66 NY2d 951; *Harris v Miller,* 136 AD2d 603). The plaintiff was, therefore, entitled to an accelerated judgment pursuant to CPLR 3213. Copertino, J. P., Santucci, Hart and Friedmann, JJ., concur.