■ MERRITT MERIDIAN CONSTRUCTION COMPANY, Appellant, v PARAMOUNT FABRICATORS, Respondent, et al., Defendant. [633 NYS2d 812] —In an action, *inter alia,* to recover damages caused by a defective product in which the defendant Paramount Fabricators counterclaimed, *inter alia,* for the cost of goods sold and delivered, the plaintiff appeals from a judgment of the Supreme Court, Dutchess County (Beisner, J.), dated December 23, 1993, which, after a nonjury trial of the counterclaim, is in favor of the defendant Paramount Fabricators and against it in the principal sum of $61,643.50.

Ordered that the judgment is reversed, on the law, and the matter is remitted for a new trial at which the plaintiff may present evidence of negligence on the part of the defendant Paramount Fabricators to offset its counterclaim, which is deemed to have been established.

In September of 1987, the plaintiff bought a carbon filter vessel from the defendant Paramount Fabricators (hereinafter Paramount). The plaintiff alleged that the vessel spontaneously combusted, causing a fire which resulted in property damage and additional labor costs to it. The plaintiff filed a claim with its insurance company, Royal Insurance Company (hereinafter Royal), which paid a portion of the claim. The plaintiff subrogated its rights to the extent that it was paid by Royal, who brought this action on the plaintiff's behalf against the defendants, Paramount and Westates Carbon Co., Inc. (hereinafter Westates), the manufacturer of the carbon that was used in the vessel.

At trial, Royal settled with Paramount and Westates. The plaintiff gave a general release to Westates and a limited release to Paramount, reserving its right to offset Paramount's counterclaim against it for the balance due on the purchase price of the carbon filter vessel. However, at the trial of Paramount's counterclaim, the court prohibited the plaintiff from offsetting Paramount's counterclaim, which sounded in contract, with evidence of the damages that it incurred due to the fire allegedly caused by Paramount's negligent sale to it of a defective carbon filter vessel. We find that the trial court erred.

The law permits a party to offset damages with a claim that arises out of the same transaction or occurrence *(see, James Talcott, Inc. v Winco Sales Corp.,* 14 NY2d 227; *Bendat v Premier Broadcast Group,* 175 AD2d 536). Also, a party may offset a contract claim with a tort claim *(see,* McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C203:9, at 160; *Rochester-Genesee Regional Transp. Dist. v Trans World Airlines,* 86 Misc 2d 1011). Accordingly, the plaintiff was entitled to offset Paramount's counterclaim, which sounded in contract, with its claim, which sounded in negligence *(see, Rochester-Genesee Regional Transp. Dist. v Trans World Airlines, supra).*

Contrary to Paramount's contentions, the plaintiff was not precluded from offsetting Paramount's counterclaim by reason of its release, which was only a limited release in both language and intent *(see, Mangini v McClurg,* 24 NY2d 556), or by the absence of a pleaded affirmative defense since the plaintiff's claims were all asserted in the complaint *(see,* CPLR 3018 [b]; *James Talcott, Inc. v Winco Sales Corp., supra,* at 233).

The plaintiff, however, is precluded from presenting evidence at the new trial to prove that the purchase price of the carbon filter vessel, which is the subject of Paramount's counterclaim,

included the price of liability insurance that was never provided. The plaintiff was given an opportunity to prove this issue at the first trial, and it failed to do so. Miller, J. P., Thompson, Ritter and Krausman, JJ., concur.