■ A ASSOCIATES, INC., Formerly Known as A & A GEM LAB, INC., Respondent, v JAMES NAUGHTER et al., Appellants. [654 NYS2d 44] —Crew III, J. Appeals (1) from an order of the Supreme Court (Teresi, J.), entered January 31, 1996 in Albany County, which, *inter alia*, granted plaintiff's motion for summary judgment in lieu of complaint, (2) from the judgment entered thereon, and (3) from an order of said court, entered March 28, 1996 in Albany County, which fixed the amount of counsel fees awarded to plaintiff.

On November 21, 1991, defendant James Naughter purchased a wholesale diamond jewelry and appraisal business from plaintiff. The purchase agreement provided, *inter alia*, that Naughter, his spouse, defendant Kathleen Naughter, and her father, defendant James E. Graber, would execute a promissory note and that plaintiff would refrain from performing jewelry appraisals or selling wholesale diamonds within a specified geographic area for three years from the date of closing.

Following the closing, Naughter began making monthly payments in accordance with the terms of the promissory note. However, upon learning from two former employees of a local retail diamond merchant that plaintiff had sold a substantial amount of wholesale diamonds to said merchant within the specified geographic area, Naughter ceased making payments on the note and commenced an action against plaintiff for

breach of contract. Thereafter, plaintiff commenced the instant action by moving for summary judgment in lieu of complaint and defendants cross-moved for consolidation of the two actions. Supreme Court granted plaintiff's motion for summary judgment, denied defendants' cross motion and awarded plaintiff's attorneys $8,500 in counsel fees. These appeals by defendants followed.

We reverse. "While generally the breach of a related contract cannot defeat a motion for summary judgment on an instrument for money only, that rule does not apply where the contract and instrument are intertwined" (*Cohen v Marvlee, Inc.*, 208 AD2d 792). We agree with defendants that a significant portion of the consideration that Naughter was to receive in exchange for the purchase price was plaintiff's covenant not to compete.* As such, the promissory note was inextricably intertwined with the obligations contained in the purchase agreement and, therefore, summary judgment was inappropriately granted (*see, supra*). In view of our determination in this regard, the order granting counsel fees must also be reversed, and defendants' cross motion for consolidation should be granted.

Cardona, P. J., Mikoll, Yesawich Jr. and Spain, JJ., concur. Ordered that the order entered January 31, 1996 and judgment entered thereon are reversed, on the law, without costs, motion denied, cross motion granted and the two actions are consolidated. Ordered that the order entered March 28, 1996 is reversed, on the law, without costs, and plaintiff's application for counsel fees denied.

---

* The purchase agreement specified that $90,000 of the purchase price was attributable to plaintiff's covenant not to compete.