■ BRYAN T. FRANK, Plaintiff-Respondent, v WALLACE W. WYSE, Defendant-Appellant. [744 NYS2d 735] —Appeal from an order of Supreme Court, Wayne County, (Kehoe, J.), entered April 25, 2001, which, inter alia, granted plaintiff's motion for summary judgment.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Defendant contends that Supreme Court erred in severing his counterclaim from the complaint and in granting plaintiff's motion for summary judgment on the complaint. We disagree. On April 12, 1994, the parties entered into an asset purchase and sale agreement pursuant to which defendant agreed to purchase a list of plaintiff's lawn-mowing accounts for $18,000. The following day, defendant signed a promissory note wherein he agreed to pay $15,000. It is undisputed that defendant failed to make any payments pursuant to the promissory note after his initial down payment of $3,000. Plaintiff commenced this action seeking judgment on the promissory note, and defendant asserted in a counterclaim that plaintiff breached the terms of the asset purchase and sale agreement by failing to assist in the transfer of accounts

to defendant. Although defendant contends that plaintiff orally agreed to contact former clients in order to encourage them to transfer their accounts to defendant, that alleged oral agreement was not incorporated in the asset purchase and sale agreement. We therefore conclude that the alleged oral agreement "is not inseparable" from the asset purchase and sale agreement, which is inextricably linked to the promissory note, and thus the alleged oral agreement "does not provide a defense to the promissory note" (*Marx v LaRouche,* 152 AD2d 927, 928; *see Logan v Williamson & Co.,* 64 AD2d 466, 470, *appeal dismissed* 46 NY2d 996; *cf. Tibball v Catalanotto,* 269 AD2d 386, 387; *A+ Assoc. v Naughter,* 236 AD2d 655, 656; *Cohen v Marvlee, Inc.,* 208 AD2d 792). The court therefore properly severed the counterclaim, granted plaintiff judgment on the complaint and stayed entry of the judgment until the counterclaim is determined. Present—Pigott, Jr., P.J., Pine, Wisner, Scudder and Lawton, JJ.