■ JMG Custom Homes, Inc., Appellant, v Frederick L. Ryan et al., Respondents. [844 NYS2d 817]—

Appeal from an order of the Supreme Court, Onondaga County (Deborah H. Karalunas, J.), entered June 26, 2006. The

order, insofar as appealed from, denied those parts of plaintiff's motion for summary judgment on the complaint and for dismissal of three affirmative defenses.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by granting those parts of the motion for summary judgment on the complaint and for dismissal of the first, third, fifth, seventh and eighth affirmative defenses, by directing defendants to complete their performance of the agreement forthwith and by dismissing those affirmative defenses and as modified the order is affirmed without costs.

Memorandum: In April 2003, defendants entered into a contract with plaintiff for the construction of a new house (house contract). Frederick L. Ryan (defendant) was the representative for a snowmobile and all-terrain vehicle (ATV) manufacturer and, on February 20, 2004, seven days before the scheduled date for closing, plaintiff and defendant orally agreed that defendants would give two ATVs and a snowmobile to plaintiff, along with the title documents for all three vehicles, in exchange for a $16,500 credit against the purchase price of the house (oral agreement). Defendants delivered the snowmobile and one ATV to plaintiff but did not provide any title documents. The parties closed on the house on the scheduled date, and defendants were credited the sum of $16,500.

Defendants thereafter began to experience problems with the house construction and withheld delivery of the second ATV and the three title documents. As a consequence, plaintiff commenced this breach of contract action seeking specific performance of the oral agreement, i.e., delivery of the third vehicle and all three title documents. Alternatively, plaintiff sought damages in the amount of $16,500, upon receipt of which he would return the two vehicles in his possession to defendant. Defendants asserted eight affirmative defenses and five counterclaims in their answer, essentially alleging that plaintiff's workmanship on the house was defective and that they were entitled to certain monetary offsets for any damages awarded.

Plaintiff thereafter moved for summary judgment on the complaint and for dismissal of the affirmative defenses and counterclaims. Supreme Court granted the motion in part by dismissing three affirmative defenses and three counterclaims, and the court denied the remainder of the motion. Plaintiff's appeal is limited to those parts of the order denying those parts of the motion for summary judgment on the complaint and for dismissal of three of the five remaining affirmative defenses. We agree with plaintiff that the court erred in denying those parts

of its motion, and we further conclude that the two remaining affirmative defenses should be dismissed.

Here, the record establishes that plaintiff met its burden of establishing the existence of the oral agreement, the terms of that agreement, the performance by plaintiff of its obligations pursuant to the agreement, and the nonperformance by defendants of their obligations. Contrary to defendants' contention, plaintiff established that the oral agreement was not inextricably related to the house contract such that the affirmative defenses and counterclaims concerning the quality of plaintiff's workmanship applied to the oral agreement as well (*see generally Rudman v Cowles Communications*, 30 NY2d 1, 13 [1972]). Plaintiff and defendant entered into the oral agreement approximately 10 months after the parties entered into the house contract. The terms of the oral agreement and house contract were not dependent upon each other, nor were they related in purpose (*see generally A+Assoc. v Naughter*, 236 AD2d 655 [1997]; *National Union Fire Ins. Co. of Pittsburgh, Pa. v Williams*, 223 AD2d 395, 396 [1996]). Indeed, the existence of an "entire contract" clause in the house contract (*National Union Fire Ins. Co. of Pittsburgh, Pa. v Xerox Corp.*, 25 AD3d 309, 309 [2006], *lv dismissed* 7 NY3d 886 [2006]; *see Furey v Guardian Life Ins. Co.*, 261 AD2d 355 [1999], *lv denied* 93 NY2d 811 [1999]), and the fact that the house was nearly completed and the closing was only days away by the time plaintiff and defendant entered into the oral agreement constitute evidence that the parties intended that the house contract stood alone. We note in addition that the house contract contained a limited warranty clause providing defendants with a means for addressing defective workmanship claims on the house.

The court erred in concluding that defendants raised a triable issue of fact with respect to the intentions of plaintiff and defendant in entering into the oral agreement. Defendants' submissions in opposition to plaintiff's motion did not establish either the terms of the oral agreement or an understanding that delivery of the three vehicles and the title documents was conditioned upon the quality of plaintiff's workmanship. Even assuming, arguendo, that defendant's letter to plaintiff's president dated October 25, 2004 constituted a " 'tender of evidentiary proof in admissible form' " (*Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]), we conclude that the letter is not sufficient to raise an issue of fact with respect to the intentions of plaintiff and defendant concerning the oral agreement. Rather, the record establishes that the letter, which was written months after plaintiff and defendant entered into the oral agree-

ment and at a time when the parties' relationship had become strained, sets forth only defendant's understanding of the parties' agreement with respect to the delivery of the third vehicle. Additionally, the fact that defendants gave plaintiff two of the vehicles prior to the house closing demonstrates that, contrary to defendants' contention, there was no mutual understanding that delivery of all three vehicles and the title documents was dependent upon plaintiff's workmanship.

Finally, we conclude that the court erred in denying that part of plaintiff's motion insofar as plaintiff sought specific performance of the oral agreement, and we therefore modify the order accordingly. Although specific performance generally is an inappropriate remedy when money damages are sufficient to protect the interests of the injured party, that remedy is appropriate where the amount of damages is difficult to ascertain, based on the unique nature of the subject matter of the contract or agreement or the lack of an established market value (*see Sokoloff v Harriman Estates Dev. Corp.*, 96 NY2d 409, 415 [2001]). Here, we conclude that plaintiff is entitled to specific performance based on the difficulty in ascertaining the value of the three vehicles without any title documents, along with plaintiff's loss of the use of the third vehicle. In view of our determination with respect to specific performance, we further conclude that plaintiff is entitled to dismissal of the five remaining affirmative defenses, and we therefore further modify the order accordingly. Present—Scudder, P.J., Hurlbutt, Gorski, Centra and Green, JJ.