Saulsbury v Durfee (2022 NY Slip Op 00566)





Saulsbury v Durfee


2022 NY Slip Op 00566


Decided on January 28, 2022


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 28, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CARNI, CURRAN, AND DEJOSEPH, JJ.


847 CA 21-00210

[*1]VICKI L. SAULSBURY, PLAINTIFF-APPELLANT-RESPONDENT,
v
NICKI M. DURFEE, DEFENDANT-RESPONDENT-APPELLANT. 






LACY KATZEN LLP, ROCHESTER (DAVID D. MACKNIGHT OF COUNSEL), FOR PLAINTIFF-APPELLANT-RESPONDENT.
DIMATTEO & ROACH, ATTORNEYS AT LAW, WARSAW (DAVID M. ROACH OF COUNSEL), FOR DEFENDANT-RESPONDENT-APPELLANT. 


 Appeal and cross appeal from an order of the Supreme Court, Genesee County (Charles N. Zambito, A.J.), entered August 27, 2020. The order denied in part plaintiff's motion for summary judgment and denied defendant's cross motion for summary judgment. 
It is hereby ORDERED that the order so appealed from is modified on the law by granting the motion insofar as it sought summary judgment on the issue of liability with respect to the first cause of action and insofar as it sought summary judgment dismissing the fourth affirmative defense and the second and third counterclaims, and as modified the order is affirmed without costs.
Memorandum: In late 2016, plaintiff and defendant entered into a sales contract whereby plaintiff agreed to sell defendant the business assets related to her operation of an exclusive H & R Block franchise for the Town of Attica (sales contract). To secure payment for the transfer of assets under the sales contract, defendant executed a promissory note in plaintiff's favor in the amount of $200,000, which was payable over 10 years in annual installments of $20,000, plus interest. The sales contract also provided, in relevant part, that the $200,000 purchase price was paid "in consideration of the sale, transfer, assignment and delivery of the [p]urchased [a]ssets and the covenants made by [plaintiff] under the [n]oncompetition [a]greement." It is undisputed, however, that at the time of the closing on the sales contract, no noncompetition agreement was provided. Indeed, the only item attached to the sales contract at closing was the promissory note. Based on the submissions in this case, the promissory note was intertwined with the sales contract (see generally Oseff v Scotti, 130 AD3d 797, 800-801 [2d Dept 2015]; Lorber v Morovati, 83 AD3d 799, 800 [2d Dept 2011]), and the parties have proceeded in this action accordingly.
A few months after the parties closed on the sales contract, plaintiff worked for defendant as an hourly employee for several months, until defendant terminated plaintiff's employment. Plaintiff was employed by defendant pursuant to a standard form "tax professional employment agreement" (employment agreement). Relevantly, the employment agreement contained several covenants not to compete that, inter alia, prohibited plaintiff from performing outside tax preparation work while working for defendant and for two years post-termination. Nothing in the employment agreement referenced the sales contract, and nothing in the sales contract referenced the employment agreement.
Although defendant paid the first installment due on the promissory note, she did not submit payment for any other installment. Plaintiff demanded payment, to no avail, and thereafter commenced this action. Specifically, she asserted two causes of action, one for defendant's default under the sales contract (first cause of action), and another for unjust enrichment. In her answer, defendant interposed as affirmative defenses that, inter alia, [*2]plaintiff's breach of a covenant not to compete absolved defendant of the obligation to pay under the promissory note (fourth affirmative defense), and that plaintiff's breach of contract entitled defendant to an offset on the balance of the promissory note (fifth affirmative defense). Defendant also asserted three counterclaims, for breach of the employment agreement, unfair competition, and tortious interference with prospective business relations.
Plaintiff moved for, inter alia, summary judgment on the first cause of action and dismissing the counterclaims and the fourth and fifth affirmative defenses, and defendant cross-moved for, inter alia, partial summary judgment on the issue of liability with respect to allegations in the first counterclaim that plaintiff breached certain sections of the employment agreement and, alternatively, for an offset against the amount owed upon the promissory note. In its order, Supreme Court granted the motion insofar as it sought summary judgment dismissing certain affirmative defenses other than the fourth and fifth affirmative defenses but otherwise denied the motion, concluding that, although plaintiff satisfied her initial burden, there were issues of fact whether defendant had a defense to her default on the promissory note based on plaintiff's alleged violation of the covenants not to compete in the employment agreement, which the court concluded was inextricably intertwined with the sales contract. The court denied the cross motion based on its conclusion that defendant had not satisfied her initial burden. Plaintiff appeals, and defendant cross-appeals.
With respect to plaintiff's appeal, we conclude that the court erred in denying the motion with respect to the first cause of action as to the issue of liability and the fourth affirmative defense. It is undisputed that plaintiff met her initial burden on the motion in those respects by submitting the promissory note, and evidence of defendant's default (see Sandu v Sandu, 94 AD3d 1545, 1546 [4th Dept 2012]; North Am. Pneumatic Tube Co. v Mishkin, 203 AD2d 944, 944 [4th Dept 1994], lv denied 84 NY2d 802 [1994]). We further conclude that, in opposition, defendant did not raise a triable issue of fact with respect to any defense to her default on the promissory note sufficient to defeat the motion as to liability (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). Here, the court determined that defendant raised an issue of fact in opposition to the motion, specifically, whether plaintiff's alleged breach of the covenants not to compete in the employment contract constituted a defense to defendant's default because the sales contract and the employment agreement were inextricably intertwined such that the covenants not to compete constituted the noncompetition agreement contemplated by, but not included in, the sales contract. That determination was erroneous.
"Generally, breach of a related contract will not in the ordinary course defeat summary judgment on [a promissory] note[]" (Ssangyong [U.S.A.] Inc. v Sung Ae Yoo, 88 AD2d 572, 573 [1st Dept 1982]; see Logan v Williamson & Co., 64 AD2d 466, 470 [4th Dept 1978], appeal dismissed 46 NY2d 996 [1979]). Nonetheless, that "rule does not apply where the contract and instrument are intertwined" and inseparable (A+Assoc. v Naughter, 236 AD2d 655, 656 [3d Dept 1997]; see Yoi-Lee Realty Corp. v 177th St. Realty Assoc., 208 AD2d 185, 189 [1st Dept 1995]; see also Town of West Seneca v American Ref-Fuel Co. of Niagara, 1 AD3d 944, 945 [4th Dept 2003]). Whether two agreements are inextricably intertwined is a question of law for the court to decide because it involves a matter of contract interpretation (see Mallad Constr. Corp. v County Fed. Sav. & Loan Assn., 32 NY2d 285, 291 [1973]; Matter of Erie County Dept. of Social Servs. v Bower, 177 AD3d 1387, 1388 [4th Dept 2019]).
Here, the sales contract and employment agreement are not inextricably intertwined such that plaintiff's purported breach of the noncompetition covenants in the latter constitute a defense to defendant's default on the promissory note (see Frank v Wyse, 295 AD2d 923, 924 [4th Dept 2002]; McMann v Ballantyne Mar., 182 AD2d 1131, 1132 [4th Dept 1992]; Marx v LaRouche, 152 AD2d 927, 928 [4th Dept 1989]; Logan, 64 AD2d at 470). Importantly, the two agreements at issue here never reference each other, and did not incorporate any terms of the other. Indeed, both agreements were executed at different times and for entirely different purposes, and it cannot be said that the sales contract and employment agreement constituted a single integrated agreement, the terms of which were not in dispute (cf. e.g. Fitzpatrick v Animal Care Hosp., PLLC, 104 AD3d 1078, 1081 [3d Dept 2013]; Lorber, 83 AD3d at 800; A+Assoc., 236 AD2d at 656). The sales contract never once mentioned that it was conditioned on plaintiff being employed by defendant, nor does the sales contract even contemplate such a scenario (see Grasso v Shutts Agency, 132 AD2d 768, 768-769 [3d Dept 1987], appeal dismissed 70 NY2d 797 [1987]). Further, the plain terms of the promissory note indicate that it is an unambiguous [*3]instrument containing an unconditional promise to pay, unadorned with any reference of the employment agreement (see North Am. Pneumatic Tube Co., 203 AD2d at 944). Another factor that supports the conclusion that the sales contract and the employment agreement were not intertwined is the fact that each contained a merger clause providing that each contract constituted its own entire agreement (see JMG Custom Homes, Inc. v Ryan, 45 AD3d 1278, 1280 [4th Dept 2007]).
Given the evidence establishing that the sales contract and the employment agreement are not inextricably intertwined, we conclude that any purported breach of the covenants not to compete in the employment agreement is not a defense to the first cause of action. Thus, any breach of that portion of the employment agreement by plaintiff does not raise an issue of fact with respect to whether defendant has a defense to her default on the promissory note because plaintiff's purported breach—i.e., the first counterclaim—is not "inseparable from" the first cause of action, but is rather an "independent and unliquidated counterclaim" (Logan, 64 AD2d at 470; see Frank, 295 AD2d at 924; McMann, 182 AD2d at 1132; Marx, 152 AD2d at 928). In light of the foregoing, we conclude that the court should have granted the motion insofar as it sought summary judgment on the first cause of action as to liability and dismissing defendant's fourth affirmative defense, and we therefore modify the order accordingly.
We reject defendant's contention, advanced as an alternative ground for affirmance on plaintiff's appeal (see Parochial Bus Sys. v Board of Educ. of City of N.Y., 60 NY2d 539, 545-546 [1983]), that plaintiff was not entitled to summary judgment with respect to the first cause of action because plaintiff's failure to provide the noncompetition agreement constituted a failure of consideration with respect to the sales contract, thereby entitling her to a discharge of the entire obligation on the promissory note. We note that defendant has never sought rescission of the sales contract and plainly intends to retain and use the assets she purchased from plaintiff (see Laughlin v Integrated Waste Servs., 258 AD2d 948, 948 [4th Dept 1999]; Fugelsang v Fugelsang, 131 AD2d 810, 812 [2d Dept 1987]). Indeed, since closing on the sales contract, defendant has continuously operated the H & R Block in Attica, despite plaintiff's failure to supply the noncompetition agreement (see Grasso, 132 AD2d at 769). By retaining and operating the going concern she acquired by virtue of the sales contract, defendant cannot now assert that the consideration for the transactions "wholly failed" (United Transp. Co., Inc. v Glenn, 225 App Div 171, 175 [3d Dept 1929]).
Contrary to plaintiff's additional contention on her appeal, however, the court properly denied her motion to the extent it sought summary judgment dismissing the fifth affirmative defense. Because it is undisputed that plaintiff never supplied the noncompetition agreement contemplated by the sales contract, there may have been a partial failure of consideration entitling defendant to an offset on the amount due on the promissory note, per the fifth affirmative defense (see Post v Thomas, 212 NY 264, 274 [1914], rearg denied 212 NY 585 [1914]; H.H. & F.E. Bean, Inc. v Edward L. Nezelek, Inc., 67 AD2d 1102, 1103 [4th Dept 1979]; see generally UCC 3-408). We conclude that there remain issues of fact with respect to defendant's entitlement to an offset based on a partial failure of consideration because of evidence suggesting that defendant waived plaintiff's obligation to provide the noncompetition agreement by failing to object to plaintiff's failure to supply that agreement at closing (see generally Empire Coal Sales Corp. v Platt, 255 App Div 791, 791 [2d Dept 1938]), and because she paid the first installment due on the promissory note and has continued to operate her business for years without seeking to ensure that the noncompetition agreement was in place. Because there is an issue of fact as to the offset, we conclude that the court properly denied plaintiff's motion insofar as it sought summary judgment on the first cause of action with respect to the issue of damages (see generally Blanche, Verte & Blanche, Ltd. v Joseph Mauro & Sons, 79 AD3d 1082, 1083-1084 [2d Dept 2010]; Merritt Meridian Constr. Co. v Paramount Fabricators, 221 AD2d 420, 421 [2d Dept 1995]).
We further conclude that, contrary to the parties' respective contentions on the appeal and cross appeal, the court properly denied both the motion and cross motion with respect to the first counterclaim because there remain triable issues of material fact whether plaintiff violated the covenants not to compete contained in the employment agreement (see generally Zuckerman, 49 NY2d at 562). Further, although the employment agreement is separate and distinct from the sales contract and the promissory note, we reject plaintiff's contention that the first counterclaim should be severed inasmuch as plaintiff has failed to meet her burden to show that "a joint trial [*4]would result in substantial prejudice" (Matter of Eighth Jud. Dist. Asbestos Litig., 106 AD3d 1453, 1453 [4th Dept 2013]; see CPLR 603).
Finally, we agree with plaintiff that the court should have granted the motion to the extent that she sought summary judgment dismissing the second and third counterclaims. Specifically, we conclude that the second and third counterclaims—for unfair competition and tortious interference with prospective business relations—were duplicative of the first counterclaim—for breach of contract—because those counterclaims are predicated on the same conduct purportedly prohibited by the contract (see Clark-Fitzpatrick, Inc. v Long Is. R.R. Co., 70 NY2d 382, 389 [1987]; Linkable Networks, Inc. v Mastercard Inc., 184 AD3d 418, 418 [1st Dept 2020]). We therefore further modify the order accordingly.
All concur except DeJoseph, J., who is not participating.
Entered: January 28, 2022
Ann Dillon Flynn
Clerk of the Court