Craig v Fastex Logistics Transp., LLC (2024 NY Slip Op 03678)

Craig v Fastex Logistics Transp., LLC

2024 NY Slip Op 03678

Decided on July 3, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 3, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
CHERYL E. CHAMBERS
HELEN VOUTSINAS
JANICE A. TAYLOR, JJ.

2022-04627
 (Index No. 706268/20)

[*1]Emmanuel Smith Craig, appellant, 
v
Fastex Logistics Transportation, LLC, et al., respondents.

Shalom Law, PLLC, Forest Hills, NY (Jonathan Shalom and Emanuel Kataev of counsel), for appellant.
Lawrence B. Lame, Rego Park, NY, for respondents.

DECISION & ORDER
In an action, inter alia, pursuant to Labor Law § 193 to recover wages wrongfully withheld, the plaintiff appeals from an order of the Supreme Court, Queens County (Carmen R. Velasquez, J.), entered May 10, 2022. The order denied the plaintiff's motion pursuant to CPLR 3211(a)(7) to dismiss the defendants' counterclaims.
ORDERED that the order is reversed, on the law, with costs, and the plaintiff's motion pursuant to CPLR 3211(a)(7) to dismiss the defendants' counterclaims is granted.
In or around July 2019, the plaintiff began working for the defendants. Among other duties, the plaintiff drove a truck for the defendants. In January 2020, the truck was damaged, allegedly due to the plaintiff's negligent operation thereof. The plaintiff alleges that, following this incident, the defendants reduced the amount of wages that they paid him in an attempt to recoup an amount equal to the insurance deductible and lost profits related to the damaged truck.
In June 2020, the plaintiff commenced this action, alleging, inter alia, violations of the Labor Law relating to the payment of regular wages. The defendants interposed an answer in January 2022. In the answer, the defendants asserted counterclaims to recover damages for the plaintiff's alleged negligent operation of the truck and his alleged breach of an agreement to pay the defendants an amount equal to the insurance deductible and lost profits related to the damaged truck.
The plaintiff moved pursuant to CPLR 3211(a)(7) to dismiss the defendants' counterclaims. By order entered May 10, 2022, the Supreme Court denied the motion. The plaintiff appeals.
Labor Law § 193 "prohibits an employer from making any deduction from an employee's wages unless permitted by law or authorized by the employee for certain purposes" (Costello v Curan & Ahlers, LLP, 224 AD3d 732, 734; see Labor Law § 193[1][a]-[d]). To allow an employer to recover the return of paid wages based upon an employee's alleged lack of performance "would be permitting [that employer] to do indirectly and retroactively that which the law specifically prohibits it from doing directly" (Guepet v International TAO Sys., 110 Misc 2d 940, 941 [Sup Ct, Nassau County]). This principle applies equally whether the cause of action sounds [*2]in negligence or in contract, as an employee may not waive the protections of Labor Law § 193 (see id. § 663[1]; see also Mark v Gawker Media LLC, 2016 WL 1271064, *6, 2016 US Dist LEXIS 41817, *18-22 [SD NY, No. 13-cv-4347 (AJN)]).
Here, the defendants' counterclaims are explicit attempts to recoup costs for their business allegedly arising out of the plaintiff's negligence or poor performance. Because such causes of action are barred by the Labor Law, the Supreme Court erred in denying the plaintiff's motion pursuant to CPLR 3211(a)(7) to dismiss the defendants' counterclaims.
In light of the foregoing, the parties' remaining contentions need not be reached.
LASALLE, P.J., CHAMBERS, VOUTSINAS and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court