Linkable Networks, Inc. v Mastercard Inc. (2020 NY Slip Op 03187)





Linkable Networks, Inc. v Mastercard Inc.


2020 NY Slip Op 03187


Decided on June 4, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 4, 2020

Friedman, J.P., Kapnick, Kern, Singh, González, JJ.


11600 651964/19

[*1] Linkable Networks, Inc., Plaintiff-Appellant,
v
Mastercard Inc., et al., Defendants-Respondents.


Constantine Cannon LLP, New York (David Alan Scupp of counsel), for appellant.
Baker Botts L.L.P., New York (Jennifer C. Tempesta of counsel), for respondents.



Order, Supreme Court, New York County (O. Peter Sherwood, J.), entered on or about September 13, 2019, which, to the extent appealed from, granted defendants' motion to dismiss the first, second, third, fifth and sixth causes of action, and dismissed plaintiff's demand for punitive damages, unanimously affirmed, without costs.
The first, second, third and sixth causes of action (for misappropriation of trade secrets, unfair competition, misappropriation of ideas and unjust enrichment) were properly dismissed. The court correctly determined that these causes of action are "entirely based on alleged conduct that is proscribed by" contract; hence, they are duplicative of plaintiff's contract claim (Bancorp Servs., LLC v American Gen. Life Ins. Co., 2016 WL 4916969, *9, 2016 US Dist LEXIS 18330, *29 [SD NY, Feb. 11, 2016, 14-CV-9687(VEC)]; see also e.g. Nostrum Pharms., LLC v Dixit, 2016 WL 5806781, *16, 2016 US Dist LEXIS 133844, *51-52 [SD NY, Sept. 23, 2016, No. 13-cv-8718(CM)]). Tate & Lyle Ingredients Ams., Inc. v Whitefox Tech. USA, Inc. (2011 NY Slip Op 33870[U] [Sup Ct, NY County], affd on other grounds 98 AD3d 401 [1st Dept 2012]) is distinguishable because, in that case, the "contract claim d[id] not mention or involve . . . trade secrets" (id. at *11).
"The statute of limitations for tortious interference . . . with prospective business relations is three years from the date of injury, which is triggered when a plaintiff first sustains damages" (Bandler v DeYonker, 174 AD3d 461, 462 [1st Dept 2019], lv denied __ NY3d __, 2020 NY Slip Op 65162 [March 31, 2020]). Plaintiff alleges that defendants "sabotaged [its] current and prospective customer relationships" in 2015. Hence, it should have sued by December 31, 2018. However, it did not sue until April 3, 2019.
Plaintiff relies on its allegation that "[b]eginning in or about 2013, and continuing in or about September 2017, [it] had business relations with numerous current and prospective clients" (emphasis added). However, this merely alleges when plaintiff had those business relations, not when it first sustained damages.
We agree with the motion court's dismissal of plaintiff's demand for punitive damages. Here, the complaint fails to show that plaintiff is entitled to punitive damages, as it does not allege that defendants' actions were aimed at the public or "evinc[ed] a high degree of moral turpitude and demonstrat[ed] such wanton dishonesty as to imply a criminal indifference to civil obligations" (see Rocanova v Equitable Life Assurance Society of the USA et. al., 83 NY2d 603, 613 [1994] [internal citations omitted]; Walker v Sheldon, 10 NY2d 401, 405 [1961]; Errant Gene Therapeutics LLC v Sloan-Kettering Institute for Cancer Research, 174 AD3d 473, 475-76 [1st Dept 2019] [dismissal of demand of punitive damages on a motion to dismiss]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 4, 2020
CLERK