Indeck Energy Servs., Inc. v Merced Capital, L.P. (2021 NY Slip Op 06802)





Indeck Energy Servs., Inc. v Merced Capital, L.P.


2021 NY Slip Op 06802


Decided on December 07, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 07, 2021

Before: Renwick, J.P., Gische, Kapnick, Kennedy, Shulman, JJ.


Index No. 652171/14 Appeal No. 14265-14266-14267-14268 Case No. 2020-04872 2020-04874 2020-04892 2020-04893 2021-00347 

[*1]Indeck Energy Services, Inc., Plaintiff-Respondent-Appellant,
v
Merced Capital, L.P., et al., Defendants-Appellants-Respondents.


Selendy & Gay PLLC, New York (David Elsberg of counsel), for appellants-respondents.
MoloLamken LLP, New York (Steven F. Molo of counsel), for respondent-appellant.



Judgment, Supreme Court, New York County (Jennifer Schecter, J.), entered November 13, 2020, in favor of plaintiff and against defendants, and appeal therefrom bringing up for review order, same court (Shirley Werner Kornreich, J.), entered on or about February 9, 2018, which, inter alia, granted plaintiff's motion for summary judgment as to liability on the breach of contract claim and granted defendants' motion for summary judgment dismissing the claims for aiding and abetting breach of fiduciary duty and misappropriation of trade secrets, and order, same court (Jennifer Schecter, J.), entered on or about October 15, 2020, after a nonjury trial, which directed that judgment be entered in favor of plaintiff, unanimously affirmed, with costs. Order, same court (Jennifer Schecter, J.), entered December 8, 2020, which denied defendants' motion to correct the judgment pursuant to CPLR 5019(a), unanimously affirmed, with costs. Appeals from order, same court and Justice, entered on or about May 7, 2019, which denied plaintiff's motion to reargue, renew and amend the complaint, and from the February 9, 2018 and October 15, 2020 orders, unanimously dismissed, without costs, as subsumed in the appeals from the judgment.
Supreme Court correctly determined that defendants violated section 2 of the mutual confidentiality agreement by using information from a study commissioned by plaintiff. The court also correctly determined that defendants violated the non-solicitation provision of the mutual confidentiality agreement by engaging two of plaintiff's employees through a limited liability company. The non-solicitation provision prohibits the parties from soliciting, hiring, or engaging the other's employees. Exception (iii) by its plain language provides a carve out only for soliciting and hiring under limited circumstances, where the other's employees initiate discussion regarding employment. It does not contain an exception for engaging the other's employees, as defendants did here, through a limited liability company. While the non-solicitation provision specifically prohibits "engag[ing]" the other's employees, the omission of that term in the third exception to the provision "must be assumed to have been intentional" (United States Fid. & Guar. Co. v Annunziata, 67 NY2d 229, 233 [1986]). The parties are sophisticated entities, and we would be "extremely reluctant to interpret an agreement as impliedly stating something which the parties have neglected to specifically include" (Vermont Teddy Bear Co. v 538 Madison Realty Co., 1 NY3d 470, 475 [2004] [internal quotation marks omitted]).
We reject defendants' contention that plaintiff failed to establish the elements of its claim for lost profits damages (see Kenford Co. v County of Erie, 67 NY2d 257, 261 [1986]). The mutual confidentiality agreement demonstrates that lost profits damages were fairly within the contemplation of the parties by expressly contemplating that a breach could imperil their businesses [*2]and that they could pursue any available remedy.
We see no reason to disturb the court's finding that defendants' breaches of the mutual confidentiality agreement proximately caused plaintiff damages (see Security Pac. Natl. Bank v Evans, 175 AD3d 410, 411 [1st Dept 2019], appeal dismissed 34 NY3d 1088 [2020]). There is ample evidence, credited by Supreme Court as the trier of fact, that plaintiff lost its ability to achieve first-mover advantage as a result of defendants' breaches of the mutual confidentiality agreement. The court correctly rejected defendants' further contention that plaintiff suffered no damages as a result of the breach because market conditions subsequently deteriorated, making plaintiff's project unviable. In any event, damages for breach of contract are calculated at the time of the breach (Kaminsky v Herrick, Feinstein LLP, 59 AD3d 1, 11-12 [1st Dept 2008], lv denied 12 NY3d 715 [2009]; Oscar Gruss & Son, Inc. v Hollander, 337 F3d 186, 196 [2d Cir 2003]; see also Cole v Macklowe, 64 AD3d 480, 481 [1st Dept 2009]).
Plaintiff's damages are not speculative. "Many authorities recognize that the most reliable method for determining the value of a business is the discounted cash flow . . . method" (Lippe v Bairnco Corp., 288 BR 678, 689 [SD NY 2003], affd 99 Fed Appx 274 [2d Cir 2004]). The trial court properly accepted plaintiff's expert's models, assumptions and conclusions as sound based upon the evidence and an assessment of credibility.
Supreme Court properly rejected defendants' post-judgment challenge to the start date of plaintiff's expert's discounted cash flow model in the guise of a motion to correct a mistake in judgment pursuant to CPLR 5019(a). Defendants did not seek merely a ministerial correction to the judgment but a change in the underlying damages assessment (see Kiker v Nassau County, 85 NY2d 879, 881 [1995]).
Supreme Court correctly dismissed the claims for aiding and abetting breach of fiduciary duty and misappropriation of trade secrets as duplicative of the breach of contract claim. Plaintiff contends that its claim for aiding and abetting breach of fiduciary duty is not duplicative of its breach of contract claim because, under Illinois law, which presumably governs the claim, it is entitled to punitive damages on the claim. However, under governing Illinois law, punitive damages are available for a breach of contract only "where the breach amounts to an independent tort and there are proper allegations of malice, wantonness or oppression" (Morrow v L.A. Goldschmidt Assoc., Inc., 112 Ill 2d 87, 95, 492 NE 2d 181, 184 [1986] [internal quotation marks omitted]). They are not available with respect to economic loss (112 Ill 2d at 95-98, 492 NE 2d at 186; see Tyler v Gibbons, 368 Ill App 3d 126 [Ill App 2006]).
Likewise, plaintiff further contends that its claim of misappropriation of trade secrets is not duplicative and should be reinstated because under New York law punitive damages are available on [*3]such a claim. However, defendants' conduct did not involve a fraud evincing a high degree of moral turpitude and was not aimed at the public generally, as is necessary to maintain a claim for punitive damage under New York law (see Linkable Networks, Inc. v Mastercard Inc., 184 AD3d 418, 419 [1st Dept 2020]; Macy's Inc. v Martha Stewart Living Omnimedia, Inc., 127 AD3d 48, 57-58 [1st Dept 2015]).
We have considered the parties' remaining arguments for affirmative relief and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 7, 2021